UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NATHAN TRUESDELL

            Plaintiff(s),

    v.

GANNETT CO., INC. , et al.

            Defendant(s).

CASE NO:
5:26−cv−01747−KK−DTB

**ORDER SETTING SCHEDULING CONFERENCE**

Date:      July 23, 2026
Time:      10:00 AM
Location: Courtroom 3
             3470 Twelfth Street
             Riverside, California 92501

**PLEASE READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This matter is set for a scheduling conference on the above date. If plaintiff has not already served the operative complaint on all defendants, plaintiff shall promptly do so and shall file proofs of service within three days thereafter. Defendants also shall timely serve and file their responsive pleadings, and file proofs of service within three days thereafter. For record-keeping purposes, the Court will dismiss all remaining fictitiously named defendants (i.e., those who have not been named) on or after the date of the scheduling conference. The Court will also set a date by which motions to amend the pleadings or add parties must be heard.

The conference will be held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties are reminded of their obligations under Rule 26(a)(1) of the Federal Rules of Civil Procedure to disclose information without awaiting a discovery request, and under Rule 26(f) to confer on a discovery plan not later than twenty-one (21) days before the scheduling conference. Counsel must file a "Joint Rule 26(f) Report" with the Court not later than fourteen (14) days before the conference. Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions.

**Unless, upon motion by a party, the Court finds that any or all discovery is premature, counsel should begin to conduct discovery before the scheduling conference.** At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and obtain and produce most of what would be produced in the early stages of discovery, because the Court will impose strict deadlines to complete discovery.

This Court does not exempt parties appearing pro se from compliance with any of the Local Rules, including Civil Local Rules 16 and 7-3. "Counsel," as used in this order, includes parties appearing pro se.

1. **Joint Rule 26(f) Report**

The Joint Rule 26(f) Report, which shall be filed not later than fourteen (14) days before the scheduling conference, shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately represented parties there are. The Joint Rule 26(f) Report shall specify the date of the scheduling conference on the caption page. It shall report on all matters described below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

a. Statement of the case: a short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

2

b.  Subject matter jurisdiction: a statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.

c.  Legal issues: a brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

d.  Parties, evidence, etc.: a list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

e.  Damages: the realistic range of provable damages.

f.  Insurance: whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

g.  Motions: a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

h.  Manual for Complex Litigation: whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

i.  Status of discovery: a discussion of the present state of discovery, including a summary of completed discovery.

j.  Discovery plan: a detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed, whether discovery should be conducted in phases or otherwise be limited, **any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced,** whether applicable discovery limitations should be changed or other limitations imposed, and whether the Court should enter other orders.

k.    Dispositive motions: a description of the issues or claims that any party believes may be determined by motion for summary judgment or other dispositive motion.

l.    Settlement: a statement of what settlement discussions or written communications have occurred (**excluding any statement of the terms discussed**) and a statement pursuant to Local Rule 16-15.4 selecting a settlement mechanism under that Rule. If counsel have received a Notice to Parties of Court-Directed ADR Program (Form ADR-08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties' expense). The Court generally does not set settlement conferences before a magistrate judge. If the parties request a settlement conference before a magistrate judge, they should provide a detailed explanation of why they believe such a settlement conference would be productive and why a private mediator or a mediator from the Court Mediation Panel would not be effective. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

m.    Consent to a Magistrate Judge: a statement from each party's counsel indicating (1) counsel have discussed the magistrate judge consent program with their respective clients, (2) counsel have met and conferred to discuss the consent program and selection of a magistrate judge, and (3) whether the parties consent to having a magistrate judge preside over the matter for all purposes. Under 28 U.S.C. § 636, the parties may consent to have a magistrate judge preside over all proceedings, including trial. The magistrate judges who accept those designations are identified on the Central District's website at http://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges, which also contains a link to the consent form CV-11D. The parties can select a participating Magistrate

4

Judge from any of the three divisions in the Central District of California. In addition, magistrate judges do not handle felony criminal trials; therefore, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in most cases, a magistrate judge may be able to assign more flexible trial date than a district judge. There may be other advantages or disadvantages which you will want to consider. Parties wishing to consent to a magistrate judge shall complete and attach Form CV-11D (*Statement of Consent to Proceed Before a United States Magistrate* to a Notice of Lodging of Consent Form, which shall be e-filed as required by Local Rule 5-4.4 as a proposed document.

n. <u>Trial estimate</u>: a realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling.

o. <u>Trial counsel</u>: the name(s) of the attorney(s) who will try the case.

p. <u>Independent expert</u>: whether this is a case where the Court should consider appointing an independent scientific expert.

q. <u>Timetable</u>: **counsel shall complete the Schedule of Pretrial Dates form attached to this Order and attach it to the Joint Rule 26(f) Report.** The parties are advised the Court will set a trial date within a set period of time based upon the level of factual and legal complexity of the case:

*Low Level:* 5-6 months (e.g., ADA, lemon law, and personal injury cases);

*Medium Level:* 7-12 months (e.g., civil rights, contract, trademark, copyright, and employment cases);

*High Level:* 13-18 months (e.g., complex antitrust, RICO, or securities class actions).

The entries in the "Deadline" column of the Schedule of Pretrial Dates form reflect what the Court believes are appropriate for cases based upon their

complexity as outlined above. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must have been <u>heard</u>, not filed. The motion cut-off date is the last date on which dispositive motions may be <u>heard</u>, not filed.

r.    <u>Other issues</u>: a statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above described information under section headings corresponding to those in this Order.

**ERISA Cases Involving Benefit Claims.** The parties need not file a Joint Rule 26(f) Report. Instead, the parties shall file a Joint Status Report not later than fourteen (14) days before the scheduling conference that sets forth: (1) the facts and legal issues in the case; (2) a statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed) and selecting a settlement mechanism under Local Rule 16-15.4; and (3) any special issues that should be considered. The parties should proceed with the preparation of the administrative record and briefing without delay upon service of the complaint. A bench trial, ordinarily limited to oral argument on the administrative record, will be scheduled within six months from the filing of the original complaint, unless good cause for additional time is shown in the Joint Status Report. If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the papers.

**2.    <u>Scheduling Conference</u>**

Unless otherwise ordered, scheduling conferences will be held in Courtroom 3

on the 3rd Floor of the George E. Brown, Jr. Federal Building and United States Courthouse, located at 3470 Twelfth Street, Riverside, California 92501. Counsel shall comply with the following:

a. <u>Participation</u>: the lead trial attorney must attend the scheduling conference. Only ONE attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court. Counsel should not claim to be "co-lead" trial counsel for the purpose of avoiding this requirement. If counsel purport to be co-lead trial counsel, both must attend the scheduling conference. Unless lead trial counsel's absence is excused by the Court for good cause no less than five (5) court days in advance of the hearing, or is due to an emergency that prevented prior notice, the Court reserves the right to designate the attorney handling such proceeding as lead counsel for all purposes. The Court may choose to postpone the scheduling conference rather than permit counsel other than lead counsel to attend. Failure of lead counsel to appear will be grounds for sanctions.

b. <u>Continuance</u>: a continuance of the scheduling conference will be granted only for good cause.

**3.      Notice to be Provided by Counsel**

Plaintiff's counsel or, if plaintiff is appearing <u>pro se</u>, defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**4.      Disclosures to Clients**

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's Scheduling Order, once issued.

**5.      Court's Website**

Copies of other orders of this Court that may become applicable to this case are available on the Central District of California website, at https://www.cacd.uscourts.gov, under "Judges' Procedures and Schedules." Copies

of the Local Rules are available on the website.

If counsel fail to file the required Joint Rule 26(f) Report or the required pretrial documents, or if counsel fail to appear at the scheduling conference, the Final Pretrial Conference, or any other proceeding scheduled by the Court, and such failure is not satisfactorily explained to the Court: (a) the case shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default shall be entered, if such failure occurs on the part of the defendant; or (c) the Court may take such other action as it deems appropriate.

The Court thanks the parties and their counsel for their anticipated cooperation in complying with these requirements.

**IT IS SO ORDERED.**

Dated:  June 5, 2026

_____

HONORABLE KENLY KIYA KATO
United States District Judge

# SCHEDULE OF PRETRIAL DATES

| Matter | Deadline (in weeks/months after scheduling conference) | Joint Requested Date |
|---|---|---|
| Last Day to Stipulate or File Motion to Amend Pleadings or Add New Parties | *Low Level*: 2-3 weeks<br>*Medium Level*: 4-7 weeks<br>*High Level*: 8-10 weeks | |
| Fact Discovery Cut-Off (including hearing of discovery motions) | *Low Level*: 2 months<br>*Medium Level*: 3-6 months<br>*High Level*: 7-10 months | |

| Matter | Deadline (in weeks after fact discovery cut-off) | Joint Requested Date |
|---|---|---|
| Last Day to Serve Initial Expert Reports | *Low Level*: 1 week<br>*Medium Level*: 2 weeks<br>*High Level*: 4 weeks | |
| Last Day to Serve Rebuttal Expert Reports | *Low Level*: 2 weeks<br>*Medium Level*: 4 weeks<br>*High Level*: 8 weeks | |
| Expert Discovery Cut-Off (including hearing of discovery motions) | *Low Level*: 3-4 weeks<br>*Medium Level*: 6-7 weeks<br>*High Level*: 12-14 weeks | |
| Motion Hearing Cut-Off | *Low Level*: 8-9 weeks<br>*Medium Level*: 11-12 weeks<br>*High Level*: 18-20 weeks | |
| Last Day to Conduct Settlement Proceedings | *Low Level*: 8-9 weeks<br>*Medium Level*: 11-12 weeks<br>*High Level*: 18-20 weeks | [  ] Magistrate Judge<br>[  ] Mediation Panel<br>[  ] Private Mediation<br><br>Requested date:<br>_____ |
| Final Pretrial Conference (Thursday at 10:30 a.m.) | *Low Level*: 10-12 weeks<br>*Medium Level*: 15-20 weeks<br>*High Level*: 24-30 weeks | |
| Trial (Monday at 8:30 a.m. for jury trials; Monday at 9:00 a.m. for bench trials) | 18 days after Final Pretrial Conference | [  ] Jury<br>[  ] Bench<br><br>Estimated duration:<br>___ days<br><br>Requested date:<br>_____ |