**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
Jason Kyle Masanque (SBN 351792)
jasonm@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
Tel: (415) 534-1911
Fax: (888) 422-5191

Attorneys for Plaintiff and the Putative Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN TRUESDELL, individually and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>GANNETT CO., INC., a Delaware corporation; and DOES 1 to 100, inclusive<br><br>Defendants. | **CASE NO: 5:26-cv-01747-KK-DTB**<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>**(1) FAILURE TO PAY ALL OVERTIME WAGES OWED (LABOR CODE §§ 510, 1194, 1194.2, 1198, AND WAGE ORDER NO. 4);**<br>**(2) FAILURE TO PAY MINIMUM WAGE AND PAY FOR ALL HOURS WORKED (LABOR CODE §§ 1194, 1194.2, 1197.1, 1198);**<br>**(3) FAILURE TO PROVIDE PAID MEAL BREAKS AND PAY MISSED MEAL BREAK PREMIUMS (LABOR CODE §§ 226.7; 512; IWC WAGE ORDER NO. 4);**<br>**(4) FAILURE TO PROVIDE REST PERIODS AND PAY MISSED REST** |

PERIOD PREMIUMS (LABOR CODE §§ 226.7, IWC WAGE ORDER NO. 4); (5) FAILURE TO PAY ALL WAGES OWED IN A TIMELY MANNER (LABOR CODE §204); (6) FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS (LABOR CODE § 226 AND 226.3); (7) WAITING TIME PENALTIES (LABOR CODE § 201 – 203); (8) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802); (9) RETALIATION (LABOR CODE § 1102.5); (10) PAGA AND OTHER PENALTIES (LABOR CODE §§ 2699, et seq., and 558); AND (11) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, ET SEQ.

**DEMAND FOR JURY TRIAL**

Plaintiff Nathan Truesdell ("Plaintiff"), individually and on behalf of all other similarly situated employees (hereinafter "Class Members"), complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action individually and on behalf of all other similarly situated employees, as a class action and representative action against Gannett Co., Inc. ("Gannett" or "Defendant"), and DOES 1 to 100 (collectively "Defendants") for their (1) failure to pay overtime wages to Plaintiff and their employees; (2) failure to pay Plaintiff and their employees in California for all hours worked; (3) failure to provide Plaintiff and their employees paid meal breaks and pay meal break premiums; (4) failure to provide Plaintiff and their employees rest

periods and pay missed rest period premiums; (5) failure to pay all wages owed in a timely manner; (6) failure to provide complete wage statements to Plaintiff and their employees within the four years prior to the filing of this Complaint; (7) failure to pay all wages due to former employees based on the foregoing; (8) failure to reimburse Plaintiff and their employees business expenses incurred; (9) retaliation; (10) PAGA violations based on the foregoing; and (11) unfair business practices based on the foregoing. As a result of the foregoing, Defendants have violated California statutory laws as described below.

2. The "Class Period" is designated as the period from December 10, 2021, or four years prior to the filing of the original Complaint through the date of trial. Defendants' violations of California's wage and hour laws and unfair competition laws, as described more fully below, have been ongoing throughout the Class Period.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332, this action being brought under the California Labor Code and UCL. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are registered and do business in California.

## THE PARTIES

**A.    The Plaintiff**

4. Plaintiff is a resident of California and at all times pertinent hereto worked for Defendants in Riverside County.

5. Plaintiff and all similarly situated employees are, and at all times pertinent hereto, have been hired by Defendant to work in California.

6. Plaintiff also seeks to represent the following classes:

a.    all individuals who are or were employed by Defendant or its

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

predecessor or merged entities in California as outside commissioned sales representatives, who spent more than 50% of their time in the office, and who received less than 50% of their income from commissions, and who were not provided with meal periods during the Class Period ("meal period class members");

b.     all individuals who are or were employed by Defendant or its predecessor or merged entities in California as outside commissioned sales representatives who spent more than 50% of their time in the office, and who received less than 50% of their income from commissions, and who worked shifts in excess of three and a half hours during the Class Period ("rest period class members");

c.     all individuals who are or were employed by Defendant, or its predecessor or merged entities in California as outside commissioned sales representatives who spent more than 50% of their time in the office, and who received less than 50% of their income from commissions, and who work or worked in excess of eight hours in a day or forty hours in a workweek  during the Class Period ("overtime class members");

d.     all individuals who are or were employed by Defendant or its predecessor or merged entities in California as outside commissioned sales representatives, who are or were required to spend business expenses without sufficient reimbursement for their expenses during the Class Period ("reimbursement class members"); and

e.     all individuals who are or were employed by Defendant, or its predecessor or merged entities in California as outside commissioned sales representatives who spent more than 50% of their time in the office  and  who  received  less  than  50%  of  their  income  from

4

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

commissions during the Class Period ("wage statement class members").

7. Collectively, hereinafter referred to as the "Class" or "Class Members."

**B.     The Defendants**

8.     Defendant Gannett Co., Inc. is a Delaware corporation based in New York, New York. It is a large media holding company and it is the largest U.S. newspaper publisher. It employs individuals such as Plaintiff and the Class Members in various roles, such as outside commissioned sales representatives, within the County of Riverside.

9.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10.     Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Class Members.

11.     California courts have recognized that the definition of "employer" for purposes of enforcement of the California Labor Code goes beyond the concept of traditional employment to reach irregular working arrangements for the purpose of

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

preventing evasion and subterfuge of California's labor laws. *Martinez v. Combs* (2010) 49 Cal. 4th 35, 65. As such, anyone who directly or indirectly, or through an agent or any other person, engages, suffers, or permits any person to work or exercises control over the wages, hours, or working conditions of any person, may be liable for violations of the California Labor Code as to that person. Cal. Labor Code §§558 and 558.1.

## FACTUAL ALLEGATIONS

12. Plaintiff and the Class are and were employed by Gannett Co., Inc., a Delaware corporation based in New York, New York. Gannett is a large media holding company and it is the largest U.S. newspaper publisher. Plaintiff was hired as an outside sales representative at the company's office in Palm Springs, California on June 26, 2023. Plaintiff resigned on September 2, 2025, but Defendant paid him through the end of that month ending on September 30, 2025.

13. Despite the fact that Plaintiff and the Class were hired as "outside sales," more than half of their working hours were spent in an office setting, whether in a home office, or in Defendant's offices. Thus, Defendant improperly classified Plaintiff and the Class as outside salespersons <u>during each and every workweek of his employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025</u>.

14. Although classified as exempt, the duties of Plaintiffs and the Class do not meet the requirements set forth in IWC Wage Order No. 4. For instance, Plaintiff would usually spend more than half of his time within the home office, and more than 50% of his work hours were often spent in office meetings, not performing in-person, sales related activities. The rest of Plaintiff's workday would then be spent doing research, creating presentations, and meeting with clients. Furthermore, because less than half of Plaintiff's compensation was commissions, neither Plaintiff, nor the Class, were properly classified as commissioned salespersons as

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

defined by the Wage Order. Specifically, in a typical workweek, Plaintiff spent approximately 47% of his working hours in internal office meetings or cold calling from home, approximately 32% performing research and preparing presentations, and approximately 21% meeting in-person with clients during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

15. Throughout their employment, Plaintiff and the Class were systematically misclassified by Defendant as "exempt" when in fact they were not. Thus, even if Plaintiff and the Class regularly worked for in excess of 8 hours a day and 40 hours per week, they did not receive overtime compensation during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025. In addition, Plaintiff and the Class did not also receive meal and rest periods although they were entitled to them during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

16. Plaintiff and the Class also had to use their personal mobile phones to make business calls. However, Defendant did not reimburse these business expenses. Defendant did not provide Plaintiff with a work phone and did not provide a work stipend. Nevertheless, Plaintiff made approximately 150 work-related calls per week on his personal cellphone during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

17. Beginning in early 2025, Plaintiff made both verbal and written reports to Defendant's Human Resources department asserting that he was being misclassified as an outside salesperson, and Plaintiff continued to raise these concerns throughout his employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025. Plaintiff had reasonable cause to believe

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

the information he disclosed revealed violations of California wage-and-hour laws. Specifically, on or about March 5, 2025, Plaintiff made a verbal complaint of misclassification to Lydia Ballard, Defendant's People Director. Shortly after making these disclosures, and despite Plaintiff's consistently strong performance, high sales numbers, and positive performance reviews, Defendants subjected Plaintiff to a series of escalating adverse employment actions. On or about July 3, 2025, Erin Griffin placed Plaintiff on a coaching plan. Although Griffin and Ballard represented to Plaintiff that the coaching plan was informal and carried no real consequences, and that it would simply be extended if its requirements were not met, the coaching plan in fact imposed substantial new obligations on Plaintiff, including approximately three hours of mandatory weekly meetings that further reduced the time available for the in-person sales activity for which he had purportedly been hired. Plaintiff was the only member of his team placed on such a coaching plan who was escalated to the next stage of discipline. On or about August 8, 2025, Griffin issued Plaintiff a Performance Improvement Plan ("PIP"), which Ballard approved. Plaintiff's protected disclosures regarding his misclassification were a contributing factor in Defendant's decisions to place him on the coaching plan to issue the PIP, causing Plaintiff harm. Prior to these adverse actions, Plaintiff received very positive performance reviews, and his sales were by 60% in December of 2024 and 97.05% to plan for Q1 of 2025.

18. Plaintiff personally experienced these violations <u>during each and every workweek of his employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025</u>

**Plaintiff and the Class Members Were Not Paid Proper Overtime Compensation for All Hours Worked in Excess of 8 Hours in a Day or Forty Hours in a Workweek**

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

19.    Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) and less than twelve (12) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee.

20.    Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works twelve (12) or more hours in a day or more than eight (8) hours on the seventh consecutive day of work. In accordance with Labor Code § 1194, Plaintiff and the Class Members could not then agree and cannot now agree to work for a lesser wage than the amount proscribed by Labor Code §§ 510 and 1194.

21.    Defendant has intentionally and improperly designated Plaintiff and those employees in the Class as "exempt" to avoid payment of overtime wages and benefits under the Labor Code and the Wage Order during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025. Plaintiff would usually spend more than 50% of his work hours on office meetings. The rest of Plaintiff's workday would then be spent doing research, creating presentations, and meeting with clients. Plaintiff was not responsible for supervising any staff members nor was he responsible for scheduling, disciplining, hiring, training, or firing employees. Furthermore, less than half of his salary alone came from commissions.

22.    Under the Wage Order 4-2001 and Labor Code §510, an employee can only be classified as exempt from overtime if they meet the tests of the exemptions stated in the Wage Order. Here, Plaintiff does not meet the test of any exemption. Plaintiff was not an executive as defined by Wage Order 4, section 1(A)(1)(b), as he did not supervise the work of any employee, while the exemption requires

9

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

supervision of at least two employees. Neither was Plaintiff a commissioned salesperson, as defined by Wage Order 4, section 3(D), as less than half of his income while employed by Defendants came from commission payments. Nor was Plaintiff an administrator, as defined by Wage Order 4, section 1(A)(2), as his job duties were based on providing services to Defendants' customers, rather than the general business operations of Defendants or their customers. Moreover, less than half of Plaintiff's job duties were spent on project management. Nor was Plaintiff an outside salesperson, as over 50% of his day was spent within the office.

23.    Similarly, Labor Code §1194.2 authorizes employees to recover wages to recover liquidated damages for violations of Labor Code §1194. Where an employee, as Plaintiff, is not paid for all hours worked under Labor Code § 1194, the employee may recover minimum wages for the time associated with the overtime for which they received no compensation. (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp. 3d 891 [holding that employees suing for failure to pay overtime could recover liquidated damages under §1194.2 if they also showed they were paid less than minimum wage]; accord *Andrade v. Arby's Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) 2016 U.S. Dist. LEXIS 172319, at *20-2 I.) Since Defendants failed to provide Plaintiff with compensation for all hours worked, including overtime hours, he is entitled to recover liquidated damages under Labor Code §1194.2 during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

24.    Additionally, according to Labor Code §§510 and 1194, and the Wage Order 4-2001, Plaintiff was entitled to receive time and a half for his hours worked in excess of forty hours in a workweek, or eight hours in a day. As a result, Plaintiff should never have been classified as an exempt employee, and should have been paid for all hours worked, and paid at time and a half his regular rate of pay for all hours worked in excess of 8 hours in a day, and in excess of 40 hours in a

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

workweek. Yet, despite the fact that Plaintiff worked more than 40 hours per workweek, he never received overtime compensation in violation of the Labor code and the Wage Order. Labor Code §§510, 1194, 1194.2, and Wage Order 4-2001. Plaintiff is thus entitled to receive all of his past due overtime wages, as well as liquidated damage, attorneys' fees, and costs during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

25.     Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

**Plaintiff and the Class Members Are and Were Not Paid Minimum Wage or Compensated for All Hours Worked**

26.     Labor Code § 1197 states the California requirement that employees must be paid at least the minimum wage fixed by the Commission, and any payment of less than the minimum wage is unlawful.

27.     Labor Code § 1194 entitles "any employee receiving less than the legal minimum wage…to recover in a civil action the unpaid balance of the full amount of this minimum wage."

28.     IWC Wage Order 4-2001 § 4 also obligates employers to pay each employee minimum wages for all hours worked.

29.     As noted above, Plaintiff and the Class Members were misclassified as "exempt" and were not compensated for overtime even if they had to work beyond 8 hours per day or 40 hours per week during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025. They were also erroneously deemed not entitled to meal and rest periods during each and every workweek of Plaintiff's employment, from the

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

workweek of June 26, 2023, through the workweek ending September 2, 2025.  As a result, Plaintiff and the Class Members are not compensated for all hours worked during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

30.     In 2018, the California Supreme Court held in *Troester v. Starbucks, Inc.* (2018) 5 Cal.5th 829, that an employee must be compensated for any time in which they are under the control of their employer, and performing work. In this case, Plaintiff and the Class Members would often have 10 hours of overtime per week. Thus, by not compensating Plaintiff and the Class Members for the work done beyond 8 hours per day or 40 hours per week, and their meal and rest periods, Defendant has violated the Labor Code and the Wage Order during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

31.     Labor Code § 1194.2 authorizes employees to recover wages to recover liquidated damages for violations of Labor Code § 1194. Where an employee, as Plaintiff and others in the Class are not paid for all hours worked under Labor Code § 1194, the employee may recover minimum wages for the time associated with the overtime for which they received no compensation. (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp. 3d 891 [holding that employees suing for failure to pay overtime could recover liquidated damages under § 1194.2 if they also showed they were paid less than minimum wage]; accord *Andrade v. Arby's Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) No. 15-cv-03175 NC, 2016 U.S. Dist. LEXIS 172319, at *20-21.) Since Defendant failed to provide Plaintiff and the Class Members with compensation for all hours worked, including overtime hours, each are entitled to recover liquidated damages under Labor Code § 1194.2 through PAGA . Based upon these same factual allegations, Plaintiff also seeks on behalf of all aggrieved employees, penalties under Labor Code § 1199.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

32.     Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

**Plaintiff and the Class Members Are and Were Not Provided With Meal Periods or Compensation for Missed Meal Periods**

33.     Labor Code § 512 requires employers to provide employees with thirty (30) minute uninterrupted and duty-free meal period within the first five hours of work. "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal. App. 5th 926, 932.)   The written agreement must include a provision allowing the employee to revoke it at any time. *Id.*

34.     Generally, the DLSE and courts have "found that the nature of the work exception applies: '(1) where the work has some particular external force that requires the employee to be on duty at all times, and (2) where the employee is the sole employee of a particular employer." (Id. at p. 945; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959.) "[I]t is the employer's obligation to determine whether the nature of the work prevents an employee from being relieved before requiring an employee to take an on-duty meal period." (*Lubin, supra*, 5 Cal. App. 5th at p. 946.) Nor may an employer "discharge its duty by arguing that its clients who requested on-duty meal periods determined that the nature of the work prevented officers from being relieved of all duty." (Id. at p. 947; *Benton, supra*, 220 Cal. App. 4th at p. 729.

35.     As with rest periods, under Labor Code § 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the applicable Wage Order), "it has violated the wage order and is liable."   The Brinker Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

13

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—***it has violated the wage order and is liable***.   *Brinker Rest. Corp. v. Sup. Ct*. (2012) 53 Cal.4th 1004, 1033. (Emphasis added.)

36.    Defendant has intentionally and improperly denied meal periods to Plaintiff and the Class Members, in violation of Labor Code § 226.7, 512, and IWC Wage Order No. 4. During their employment, Plaintiff and the Class Members worked more than five hours in a work day and Defendant has failed to provide them with meal periods as required under the Labor Code and the Wage Order during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

37.    Thus, Defendant unlawfully retained control of Plaintiff and the Class Members during their meal periods, even though the nature of the work did not necessitate an on-duty meal period (and by failing to enter into proper on-duty meal period agreements). See *Augustus v. ABM Security Services, Inc*. (2016) 2 Cal. 5th 257, 275 (holding that on-premises breaks violate California law). As a result of Defendant's failure to authorize or permit lawful meal periods, Plaintiff and the Class Members frequently did not receive duty-free thirty-minute meal periods within the first five (5) hours of their work.  Defendant also failed to pay Plaintiff and the Class Members meal period premiums for each workday that the employees did not receive a compliant meal period.

38.    Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC"). Similarly, IWC Wage Order 4-2001 prohibits an employer from "employ[ing] any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes. IWC Wage Order 4-2001

14

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

further obligates employers to provide an employee to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Accordingly, for each day that Plaintiff and Class Members did not receive compliant meal periods, they are entitled to receive one meal period premium pursuant to Labor Code § 226.7 and Wage Order 4-2001.

39. Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

**Plaintiff and the Class Members Are and Were Not Provided with Legally Compliant Rest Periods**

40. Pursuant to Labor Code § 226.7, and Wage Order 4-2001, Defendant failed to provide Plaintiff and the Class Members with duty-free rest periods of not less than ten (10) minutes for every major fraction of four hours worked during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

41. Labor Code § 226. 7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC")." Under IWC Wage Order 4-2001 an employer must authorize and permit all employees to take a ten (10) minute duty free rest period for every major fraction of four hours worked.

42. Defendant has intentionally and improperly denied rest periods to Plaintiff and the Class Members in violation of the Labor Code and the Wage Order. During their employment, Plaintiff and the Class Members worked more than four hours in a workday. However, Defendant failed to provide Plaintiff and the Class Members with rest periods as required under the Labor Code and the Wage Order.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

43. Defendant failed to implement a lawful rest period policy that informed Plaintiff and other employees in the Class of their right to receive lawful rest periods for shifts greater than 3.5 hours. To the extent that Plaintiff and the Class Members could stop work during their shifts, they were nonetheless on-call to their supervisors and were not provided with duty-free rest periods. See *Augustus v. ABM Security Services, Inc.*, 2 Cal.5th 257 (2016) (holding that on-duty rest breaks violate California law).

44. Pursuant to Labor Code § 226.7 and Wage Order 4-2001, Defendant failed to provide Plaintiff and the Class Members with duty-free rest periods of not less than ten (10) minutes for every major fraction of four (4) hours worked.

45. The Brinker Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not-if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required-***it has violated the wage order and is liable***. *Brinker Rest. Corp. v. Sup. Ct.*, supra, 53 Cal.4th at 1033. (Emphasis added.)

46. Since Defendant did not offer employees the opportunity to receive compliant off-duty ten-minute rest periods, "the court may not conclude employees voluntarily chose to skip ... breaks." *Alberts v. Aurora Behavioral Health Care*, (2015) 241 Cal. App. 4th 388, 410 ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); accord *Brinker Rest. Corp. v. Sup. Ct.*, *supra*, 53 Cal.4th at 1033 ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

47. Even an employer who maintains an otherwise compliant rest period policy, "reminded their employees of their availability-and the importance-of taking breaks on a daily basis, and even went so far as to conduct regular audits to ensure that employees were being offered rest breaks" will still be liable for rest period violations if the employees were not separately or properly compensated for the non-productive time associated with rest periods under a piece-rate compensation system. *Amaro v. Gerawan Farming, Inc.,* 2016 U.S. Dist. LEXIS 66842 * (E.D. Cal. May 19, 2016) aff'd *Amaro v. Gerawan*, 2016 U.S. Dist. LEXIS 112540, 2016 WL 4440966, at * 11 (E.D. Cal. Aug. 22, 2016); rev. denied by 9th Cir. (9th Cir. Nov. 16, 2016).

48. In addition, Plaintiff and the Class Members were not compensated with one (1) hours' worth of pay at their regular rate of compensation when they were not provided with a compliant rest period.

49. Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

**Defendant Violated and Continues to Violate Labor Code § 204**

50. Labor Code § 204 expressly requires that "[a]ll wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Pursuant to Labor Code § 204(d), these requirements are "deemed satisfied by the payment of wages for weekly, biweekly or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

51. Due to Defendant's failure to pay Plaintiff and the Class Members for all rest and meal period premiums and overtime, Defendant failed to timely pay members of the Class within seven (7) days of the close of the payroll period in accordance with Labor Code § 204 on a regular and consistent basis during each and

17

every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025. See *Parson v. Golden State FC, LLC*, 2016 U.S. Dist. LEXIS 58299, 2016 WL 1734010, at *3-5 (N.D. Cal. May 2, 2016) (finding after Ling that a failure to pay rest period premiums can support claims under Labor Code §§ 203 and 204).

52.    Labor Code § 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices described in detail above, Plaintiff and the Class Members are entitled to recover penalties under Labor Code § 210 through PAGA.

53.    Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

**Defendant Violated Labor Code §§ 201-203**

54.    As a result of Defendant's failure to pay wages to Plaintiff and the Class Members for overtime, meal period minimum wages, and meal/rest period premiums, Defendant violated Labor Code § 203.  Labor Code § 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty. . ." for up to 30 days.  Lab. Code § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th 487, 492.

55.    Due to Defendant's faulty policies described above, all Class Members whose employment with Defendant concluded were not compensated at the appropriate rate.  Additionally, Defendant has failed to pay the Class Members for

18

all overtime, meal period premiums, and rest period premiums, whose sums were certain, at the time of termination or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter.

56. Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

**Plaintiff and the Class Members Are and Were Not Provided with Accurate Wage Statements**

57. As to Plaintiff and the Class Members, Defendant also failed to provide accurate itemized wage statements in accordance with Labor Code § 226(a)(1, 2, 5, 9) during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025. Labor Code § 226 obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

> (1) gross wages earned;
> (2) total hours worked by the employee;
> (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate;
> (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;
> (5) net wages earned;
> (6) the inclusive dates of the period for which the employee is paid;
> (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;
> (8) the name and address of the legal entity that is the employer…;
> (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

58. Similarly, Labor Code § 226(e) provides:

(e) (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(2) (A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

59.     Due to Defendant's failure to provide Plaintiff and the employee Class Members lawful meal and rest periods (and pay missed rest period premiums), the

20

wage statements issued by Defendant do not indicate the correct amount of gross wages earned, the correct total hours worked, the correct net wages earned, or the applicable and/or correct hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code § 226(a)(1), (2), (5) and (9).

60. Thus, Plaintiff is an aggrieved employee within the meaning of PAGA and Defendant has violated Labor Code § 226(a)(1), (2), (5), and (9) with respect to Plaintiff and the Class Members.

61. Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." As explained in detail above, Defendant failed to provide Plaintiff and Class Members with accurate itemized wage statements. Accordingly, Plaintiff and the Class Members may also recover Labor Code § 226.3 penalties for Defendant's violations of Labor Code § 226(a). See *Finder v. Leprino Foods Co.* (E.D. Cal. Mar. 12, 2015) No. 1:13-CV-2059 AWI-BAM, 2015 WL 1137151, at *7 ["the weight of authority counsels that violations of Section 226.3 may be the basis of a PAGA claim."]; *Pedroza v. PetSmart, Inc.,* No. ED CV 11-298 GHK DTB, 2012 WL 9506073, at *6 (C.D. Cal. June 14, 2012) ("Lab. Code § 226.3 merely provides that failure to perform actions mandated by § 226(a) may trigger civil penalties.").

62. Furthermore, for purposes of establishing a claim for PAGA penalties based on Labor Code Section 226, Plaintiff need not establish any "injury" other than showing that the paystubs lacked the hours worked required by Labor Code section 226(a)(2). See, *McKenzie v. Fed. Express Corp.*, 765 F.Supp.2d 1222 (C.D.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

2011) (holding that newspaper carriers' wage statements were deficient because, inter alia, the statements lacked newspaper carriers' total hours worked, and also determining that to recover PAGA penalties based on a deficient wage statement, a Plaintiff need not prove an "injury", and could move for summary judgment on behalf of other Aggrieved Employees).

63.     Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

**Defendant Violated Labor Code § 2802**

64.     Plaintiff and the Class Members had to use their personal mobile phones to make business calls. However, Defendant did not reimburse these business expenses during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

65.     Cal. Labor Code §2802 (a) provides that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

66.     Thus, employees such as Plaintiff and others in the Class, are entitled to reimbursement for the expenses they incur during the course of their duties. The duty to reimburse even extends to the use of equipment the employee may already own and would be required to pay for anyway. *Cochran v. Schwan's Home Serv., Inc.* (2014) 228 Cal. App. 4th 1137, 1144 ("The threshold question in this case is this: Does an employer always have to reimburse an employee for the reasonable expense of the mandatory use of a personal cell phone, or is the reimbursement

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

obligation limited to the situation in which the employee incurred an extra expense that he or she would not have otherwise incurred absent the job? The answer is that reimbursement is always required. Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee.") After all, the purpose of 2802 is to "prevent employers from passing along their operating expenses onto their employees." *Gattuso v. Harte-Hanks Shoppers, Inc.,* (2007) 42 Cal. 4th 554, 562.

67.    Here, Defendant did not have a reimbursement policy for Plaintiff and the Class Members for their reasonable and necessary business expenses. Thus, it is clear that not only did Plaintiff and the Class Members incur expenses as a result of their employment, but that Defendant had a constructive knowledge of those expenses, and anticipating them, informed Plaintiff and Class Members that it would not provide any reimbursement. Therefore, Plaintiff is an aggrieved employee within the meaning of PAGA and Defendant has violated § 2802 with respect to Plaintiff and the Class Members.

68.    Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

**Defendant Violated Labor Code § 1102.5**

69.    Labor Code § 1102.5 provides that:

> (b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal

statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

70. Contrary to this provision, however, Defendants retaliated against Plaintiff when he complained about Defendants' Labor Code violations by placing Plaintiff on a performance plan and issuing an unjustified written warning to Plaintiff. Thus, Defendants violated Labor Code § 1102.5 when it retaliated against Plaintiff and the other Class Members who complained about Defendants' Labor Code violations.

**CLASS ACTION ALLEGATIONS**

71. Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent the following classes:

a. all individuals who are or were employed by Defendant or its predecessor or merged entities in California as outside commissioned sales representatives who spent more than 50% of their time in the office, and who received less than 50% of their income from commissions, and, who were not provided with meal periods during the Class Period ("meal period class members");

b. all individuals who are or were employed by Defendant or its predecessor or merged entities in California as outside commissioned sales representatives who spent more than 50% of their time in the office, and who received less than 50% of their income from commissions, and, who worked shifts in excess of three and a half hours during the Class Period ("rest period class members");

c. all individuals who are or were employed by Defendant, or its predecessor or merged entities in California as outside commissioned sales representatives who spent more than 50% of their time in the

24

office, and who received less than 50% of their income from commissions, and, who work or worked in excess of eight hours in a day or forty hours in a workweek during the Class Period ("overtime class members");

d. all individuals who are or were employed by Defendant or its predecessor or merged entities in California as outside commissioned sales representatives who spent more than 50% of their time in the office, and who received less than 50% of their income from commissions, and, who are or were required to spend business expenses without sufficient reimbursement for their expenses during the Class Period ("reimbursement class members"); and

e. all individuals who are or were employed by Defendant, or its predecessor or merged entities in California as outside commissioned sales representatives who spent more than 50% of their time in the office, and who received less than 50% of their income from commissions, and during the Class Period ("wage statement class members").

72. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

a. <u>Numerosity and Ascertainability</u>: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has, on average, during the Class Period employed over 200 Class Members in California. The Class Members are dispersed throughout California. Joinder of all members of the

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

proposed classes is therefore not practicable, and the identity of Class Members can be easily determined by, among other things, a review of payroll records.

b.    Commonality:  There are questions of law and fact common to Plaintiff and the proposed Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i.    Whether Defendant violated sections 1194, 1194.2, 1197.1, and 1198 of the Labor Code by failing to pay Plaintiff and the members of the Class minimum wages and for all hours worked during the Class Period;

ii.    Whether Defendant violated Section 12 of IWC Wage Order No. 4 by failing to provide paid rest periods to Plaintiff and the members of the Class in California during the Class Period;

iii.    Whether Defendant violated Labor Code section 226.7 by failing to provide one hour of premium pay to each member of the Class for each day that a paid rest period was not provided in California during the Class Period;

iv.    Whether Defendant violated Labor Code sections 512 and 226.7, and section 11 of IWC Wage Order No. 4 by failing to pay one hour of premium pay to each member of the Class for each day that an unpaid meal break was not provided during the Class Period;

v.    Whether Defendant violated Sec. 2802 of the Labor Code during the Class Period by failing to reimburse Plaintiff and the Class Members for their work-related expenses;

vi.    Whether Defendant violated Labor Code sections 204 and 210 by failing to pay Plaintiff and the Class Members all wages owed with seven days of the close of payroll;

vii.    Whether Defendant violated Section 203 of the Labor Code by failing to pay all wages due upon termination;

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

viii. Whether Defendant failed to provide Plaintiff and the Wage Statement Penalty Subclass Members complete wage statements in violation of Labor Code Section 226(a);

ix. Whether Defendant violated Sections 510, 1194, 1194.2, and 1198 of the Labor Code and IWC Wage Order No. 4 during the Class Period by failing to pay Plaintiff and the Class Members all overtime wages owed;

x. The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members;

xi. The nature and extent of class-wide damages.

c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the proposed Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways and for the same types of unpaid wages.

d. <u>Adequacy of Representation</u>: Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class and Class Members. Plaintiff's interests do not conflict with those of the Class and Class Members. Counsel who represent Plaintiff are competent and experienced in litigating large wage and hour class actions, and other employment class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class and Class Members.

e. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices.

27

Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining its unlawful compensation and non-reimbursement policies and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

**<u>FIRST CAUSE OF ACTION</u>**
**FAILURE TO PAY ALL OVERTIME WAGES**
**(Violation of Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section of IWC Wage Order No. 4)**
**By Plaintiff and the Class Against All Defendants**

73. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

74. Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

The "Hours and Days of Work" section of the applicable IWC Wage Order mandate the same requirements.

75.    Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

76.    Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

77.    The IWC Wage Order 4-2001 defines the term "hours worked" as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

78.    In California, overtime is computed based on the regular rate of pay. The regular rate of pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

79.    Defendant has intentionally and improperly designated Plaintiff and those employees in the Class as "exempt" to avoid payment of overtime wages and benefits under the Labor Code and the Wage Order.

80.    Plaintiff would usually spend more than 50% of his work hours on office meetings. The rest of Plaintiff's work day would then be spent doing research, creating presentations, and meeting with clients. Plaintiff does not supervise any staff nor was he responsible for any employee's schedule, discipline, hiring, training, and firing. Plaintiff had no power to make his own decisions without a manager

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

since all of his decisions needed his manager's approval. Less than half of his salary also came from commissions.

81. Under the Wage Order 4-2001 and Labor Code §510, an employee can only be classified as exempt from overtime if they meet the tests of the exemptions stated in the Wage Order. Here, Plaintiff does not meet the test of any exemption. Plaintiff was not an executive as defined by Wage Order 4, section 1(A)(1)(b), as he did not supervise the work of any employee, while the exemption requires supervision of at least two employees. Neither was Plaintiff a commissioned sales person, as defined by Wage Order 4, section 3(D), as less than half of his income while employed by Defendants came from commission payments. Nor was Plaintiff an administrator, as defined by Wage Order 4, section 1(A)(2), as his job duties were based on providing services to Defendants' customers, rather than the general business operations of Defendants or their customers. Moreover, less than half of Plaintiff's job duties were spent on project management. Nor was Plaintiff an outside salesperson, as over 50% of his day was spent within the office.

82. Similarly, Labor Code §1194.2 authorizes employees to recover wages to recover liquidated damages for violations of Labor Code §1194. Where an employee, as Plaintiff, is not paid for all hours worked under Labor Code § 1194, the employee may recover minimum wages for the time associated with the overtime for which they received no compensation. (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp. 3d 891 [holding that employees suing for failure to pay overtime could recover liquidated damages under §1194.2 if they also showed they were paid less than minimum wage]; accord *Andrade v. Arby's Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) 2016 U.S. Dist. LEXIS 172319, at *20-2 I.) Since Defendants failed to provide Plaintiff with compensation for all hours worked, including overtime hours, he is entitled to recover liquidated damages under Labor Code §1194.2.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

83. Additionally, according to Labor Code §§510 and 1194, and the Wage Order 4-2001, Plaintiff was entitled to receive time and a half for his hours worked in excess of forty hours in a workweek, or eight hours in a day. As a result, Plaintiff should never have been classified as an exempt employee, and should have been paid for all hours worked, and paid at time and a half his regular rate of pay for all hours worked in excess of 8 hours in a day, and in excess of 40 hours in a workweek. Yet, despite the fact that Plaintiff worked more than 40 hours per workweek, he never received overtime compensation in violation of the Labor code and the Wage Order. Labor Code §§510, 1194, 1194.2, and Wage Order 4-2001. Plaintiff is thus entitled to receive all of his past due overtime wages, as well as liquidated damage, attorneys' fees, and costs. Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY FOR ALL HOURS WORKED**
**[Cal. Labor Code §§ 1194; 1194.2, and 1198]**
**On behalf of Plaintiff and the Class Against All Defendants**

84. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

85. Section 1194 of the Labor Code provides, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than minimum wage…applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage …, including interest thereon, reasonable attorney's fees, and costs of suit.

86. Section 1194.2 of the Labor Code provides, in relevant part:

In any action under…Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

87.     As set forth above, during the Class Period, although Plaintiff and the Class Members were misclassified as "exempt" and were not compensated for overtime even if they had to work beyond 8 hours per day or 40 hours per week. They were also erroneously deemed not entitled to meal and rest periods.  As a result, Plaintiff and the Class are not compensated for all hours worked. Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

88.     In 2018, the California Supreme Court held in *Troester v. Starbucks, Inc.* (2018) 5 Cal.5th 829, that an employee must be compensated for any time in which they are under the control of their employer, and performing work. In this case, Plaintiff and the Class would often have 10 hours of overtime per week. Thus, by not compensating Plaintiff and the Class for the work done beyond 8 hours per day or 40 hours per week, and their meal and rest periods, Defendant has violated the Labor Code and the Wage Order.

89.     Similarly, Labor Code § 1194.2 authorizes employees to recover wages to recover liquidated damages for violations of Labor Code § 1194. Where an employee, as Plaintiff and the Class are not paid for all hours worked under Labor Code § 1194, the employee may recover minimum wages for the time associated with the overtime for which they received no compensation. (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp. 3d 891 [holding that employees suing for failure to pay overtime could recover liquidated damages under § 1194.2 if they also showed they were paid less than minimum wage]; accord *Andrade v. Arby's Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) No. 15-cv-03175 NC, 2016 U.S. Dist. LEXIS 172319, at *20-21.) Since Defendant failed to provide Plaintiff and the

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Class with compensation for all hours worked, including overtime hours, each are entitled to recover liquidated damages under Labor Code § 1194.2 through PAGA. Based upon these same factual allegations, Plaintiff also seeks, on behalf of the Class, penalties under Labor Code § 1199.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE OFF-DUTY MEAL BREAKS AND FAILURE TO PAY MISSED MEAL BREAK PREMIUMS**
**[Cal. Labor Code §§ 226.7, 512]**
**On behalf of Plaintiff and the Class Against All Defendants**

90.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

91.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

92.     Section 11(A) and (B) of IWC Wage Order No. 4 provide that:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee…An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

93.     Section 11(C) of IWC Wage Order No. 4 provides that

> Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an on-duty meal period and counted as time worked. An on-duty meal period shall be permitted only when the nature of the work prevents an

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revok e the agreement at any time.

94. Finally, Section 11(D) of IWC Wage Order No. 4 provides that

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

95. Labor Code § 512 requires employers to provide employees with thirty (30) minute uninterrupted and duty-free meal period within the first five hours of work. "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal. App. 5th 926, 932.) The written agreement must include a provision allowing the employee to revoke it at any time. *Id.*

96. Generally, the DLSE and courts have "found that the nature of the work exception applies: '(1) where the work has some particular external force that requires the employee to be on duty at all times, and (2) where the employee is the sole employee of a particular employer." (*Id.* at p. 945; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959.) "[I]t is the employer's obligation to determine whether the nature of the work prevents an employee from being relieved before requiring an employee to take an on-duty meal period." (*Lubin, supra*, 5 Cal. App. 5th at p. 946.) Nor may an employer "discharge its duty by arguing that its clients who requested on-duty meal periods determined that the nature of the work prevented officers from being relieved of all duty." (*Id.* at p. 947; *Benton, supra,* 220 Cal. App. 4th at p. 729.)

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

97.     As with rest periods, under Labor Code § 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the applicable Wage Order), "it has violated the wage order and is liable."  The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—it has violated the wage order and is liable.

*Brinker Rest. Corp. v. Sup. Ct.* (2012) 53 Cal.4th 1004, 1033.

98.     Defendant has intentionally and improperly denied meal periods to Plaintiff and the Class, in violation of Labor Code § 226.7, 512, and IWC Wage Order No. 4. During their employment, Plaintiff and the Class have worked more than five hours in a work day and Defendant has failed to provide them with meal periods as required under the Labor Code and the Wage Order. Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

99.     Thus, Defendant unlawfully retained control of Plaintiff and the Class during their meal periods, even though the nature of the work did not necessitate an on-duty meal period (and by failing to enter into proper on-duty meal period agreements). See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 275 (holding that on-premises breaks violate California law). As a result of Defendant's failure to authorize or permit lawful meal periods, Plaintiff and the Class frequently did not receive duty-free thirty-minute duty-free meal periods within the first five (5) hours of their work.  Defendant also failed to pay Plaintiff and the Class meal period premiums for each workday that the employees did not receive a compliant meal

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

period.

100.   Accordingly, for each day that Plaintiff and the Class did not receive compliant meal periods, they are entitled to receive meal period premiums pursuant to Labor Code § 226.7 and Wage Order 4-2001.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE PAID REST PERIODS TO**
**AND PAY MISSED REST BREAK PREMIUMS**
**[Cal. Labor Code §§ 226.7; Section 12 OF IWC Wage Order No. 4]**
**On behalf of Plaintiff and the Class Against All Defendants**

101.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

102.   Section 12 of IWC Wage Order No. 4 provides: "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. *Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages*." (Emphasis added).

103.   California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." Under IWC Wage Order 4-2001 an employer must authorize and permit all employees to take ten (10) minute duty free rest periods for every major fraction of four hours worked.

104.   Defendant has intentionally and improperly denied rest periods to Plaintiff and the Class in violation of the Labor Code and the Wage Order. During their employment, Plaintiff and the aggrieved employees worked more than four

36

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

hours in a work day. However, Defendant failed to provide Plaintiff and the Class with rest periods as required under the Labor Code and the Wage Order. Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

105.   Defendant failed to implement a lawful rest period policy that informed Plaintiff and the Class of their right to receive lawful rest periods for shifts greater than 3.5 hours.  To the extent that Plaintiff and the Class could stop work during their shifts, they were nonetheless on-call and were not provided with duty-free rest periods. See A*ugustus v. ABM Security Services, Inc.*, 2 Cal.5th 257 (2016) (holding that on-duty rest breaks violate California law).

106.   Pursuant to Labor Code § 226.7 and Wage Order 4-2001, Defendant failed to provide Plaintiff and the rest period aggrieved employees with duty-free rest periods of not less than ten (10) minutes for every major fraction of four (4) hours worked. The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not-if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required-it has violated the wage order and is liable.

*Brinker Rest. Corp. v. Sup. Ct., supra*, 53 Cal.4th at 1033.

107.   Since Defendant did not offer employees the opportunity to receive a compliant off-duty ten-minute rest periods, "the court may not conclude employees voluntarily chose to skip ... breaks." *Alberts v. Aurora Behavioral Health Care,* (2015) 241 Cal. App. 4th 388, 410 ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); accord *Brinker Rest. Corp. v. Sup. Ct., supra*, 53

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Cal.4th at 1033 ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

108.    Even an employer who maintains an otherwise compliant rest period policy, "reminded their employees of their availability-and the importance-of taking breaks on a daily basis, and even went so far as to conduct regular audits to ensure that employees were being offered rest breaks" will still be liable for rest period violations if the employees were not separately or properly compensated for the non-productive time associated with rest periods under a piece-rate compensation system. *Amaro v. Gerawan Farming, Inc.*, 2016 U.S. Dist. LEXIS 66842 * (E.D. Cal. May 19, 2016) aff'd *Amaro v. Gerawan*, 2016 U.S. Dist. LEXIS 112540, 2016 WL 4440966, at * 11 (E.D. Cal. Aug. 22, 2016); rev. denied by 9th Cir. (9th Cir. Nov. 16, 2016).

109.    In addition, Plaintiff and the Class were not compensated with one (1) hours' worth of pay at their regular rate of compensation when they were not provided with a compliant rest period.

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES WITHIN A TIMELY MANNER
### [Cal. Labor Code §§ 204]
### On behalf of Plaintiff, and the Class Against All Defendants

110.    Plaintiff incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

111.    Cal. Lab. Code §200 provides that "'wages' include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation."

112.    Cal. Labor Code §204 states that all wages earned by any person in any

38

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

employment are payable twice during the calendar month and must be paid not more than seven days following the close of the period when the wages were earned.

113. Cal. Lab. Code §216 establishes that it is a misdemeanor for any person, with regards to wages due, to "falsely deny the amount or validity thereof, or that the same is due, with intent to secure himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

114. Defendant, as a matter of established company policy and procedure, in the State of California, scheduled, required, suffered, and/or permitted Plaintiff and other members of the Class, to work during payperiods, and not compensate them for their work within seven days of the close of payroll.

115. In addition, Defendant, as a matter of established company policy and procedure in the State of California, scheduled, required, suffered and/or permitted Plaintiff and the members of the Class, to work without compensation, work without legally compliant off-duty meal periods and rest periods, and failed to pay Plaintiff and the members of the Class, for their hours worked, meal period premiums, and rest period premiums within seven days of the close of payroll, as required by law.

116. Defendant, as a matter of established company policy and procedure in the State of California, falsely deny they owe Plaintiff and the other members of the Class these wages, with the intent of securing for itself a discount upon its indebtedness and/or to annoy, harass, oppress, hinder, delay, and/or defraud Plaintiff and the Class Members.

117. Defendant's pattern, practice and uniform administration of its corporate policy of illegally denying employees compensation, as described herein, is unlawful and entitles Plaintiff and members of the Class, to recover, pursuant to Cal. Lab. Code §218, the unpaid balance of the compensation owed to them in a civil action. Plaintiff personally experienced these violations during each and every

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

118. Pursuant to Cal. Lab. Code §218.6 and to Cal. Civ. Code §§3287 (b) and 3289, Plaintiff and members of the Class, seek to recover pre-judgment interest on all amounts recovered herein.

119. Pursuant to Cal. Lab. Code §218.5, Plaintiff and members of the Class, request that the Court award them reasonable attorneys' fees and the costs incurred by them in this action, as well as any statutory penalties Defendant may owe under the California Labor Code and/or any other statute.

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS
### [Cal. Labor Code § 226(a) and 226.2(a)(2)(A)-(B)]
### On behalf of Plaintiff and the Wage Statement and Penalty Subclass Against All Defendants

120. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

121. The actionable period for this cause of action is from December 10, 2024, or one year prior to the filing of this Complaint through the present, and on-going until the violations are corrected or the subclass is certified.

122. Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall…furnish each of his or her employees…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

40

which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

123.    As set forth above, during the Class Period, due to its unlawful rest and meal period policies, Defendant failed to issue wage statements to its employees in California, including Plaintiff, that complied with Labor Code Section 226(a). Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

124.    Defendant's "wage statements" failed to comply with either section 226 or 226.2.  First, Defendant failed to identify themselves as the employer. Second, Defendant's "wage statements" also did not include total hours worked, the total amount of time spent on rest periods & other nonproductive tasks, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code Sections 226(a) and 226.2.

125.    Defendant's failure to comply with section 226(a) of the Labor Code was knowing and intentional, particularly following the issuance of *McKenzie v. Federal Express Corp.*, 765 F.Supp.2d 1222, 1229 (C.D.Cal. 2011) and/or the passage of Section 226.2.

126.    As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the wage statement and penalty subclass (i.e., those members of the Class who were employed by Defendant during the actionable period for this cause of action) ("Wage Statement Penalty Subclass") in violation of section 226(a) of the California Labor Code, Plaintiff and the members of the Wage Statement Penalty Subclass are each entitled to recover an initial penalty of $50, and

41

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Class from Defendant pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**WAITING TIME PENALTIES FOR**
**FAILURE TO PAY WAGES DUE ON TERMINATION**
**[Cal. Labor Code §§ 201-203]**
**On Behalf of Plaintiff and the Waiting Time Penalty Subclass Against All Defendants**

127.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

128.   The actionable period for this cause of action is from December 10, 2022, or three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected, or the subclass is certified.

129.   Sections 201 and 202 of the California Labor Code require Defendant to pay all compensation due and owing to former employees in the Class during the actionable period for this cause of action, at or around the time that their employment is terminated.

130.   Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

131.   By virtue of its unlawful meal and rest period policies, Defendant willfully failed to pay Plaintiff and other members of the "Waiting Time Penalty Subclass" (i.e., those members of the Class whose employment with Defendant ended the actionable period for this cause of action) who are no longer employed by Defendant for their time spent on statutory rest breaks and the other Nonproductive times prior to or upon termination or separation from employment with Defendant as

required by California Labor Code §§ 201 and 202. Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

132.    As a result, Defendants are liable to Plaintiff and other members of the Waiting Time Penalty Subclass who are no longer employed by Defendant for waiting time penalties amounting to thirty (30) days wages for Plaintiff and each such subclass member pursuant to California Labor Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

## EIGHTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES
### [Cal. Labor Code § 2802]
### On Behalf of Plaintiff and the Class Against All Defendants

133.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

134.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

135.    By requiring Plaintiff and the Class Members to use their personal cellphones for work-related calls, Defendant failed to reimburse Plaintiff and the Class Members for their business-related expenses that were necessary to perform this task, including cellphone expenses.

136.    As a result, throughout the Class Period, Plaintiff and the Class Members incurred hundreds of dollars per month in unreimbursed expense for which they are entitled to be reimbursed, plus interest.    Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

137. Defendant's failure to pay for or reimburse the work-related business expenses of Plaintiff and Class Members violated non-waivable rights secured to Plaintiff and Class Members by Labor Code § 2802. *See* Labor Code §2804. Plaintiff and similarly situated Class Members are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802(c).

## NINTH CAUSE OF ACTION
### RETALIATION
### (LABOR CODE § 1102.5)
### Plaintiff Against All Defendants

138. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

139. Labor Code § 1102.5 provides that:

> (b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

140. Contrary to this provision, however, Defendants retaliated against Plaintiff when he complained about Defendants' Labor Code violations by placing Plaintiff on a performance plan and issuing an unjustified written warning to Plaintiff. Thus, Defendants violated Labor Code § 1102.5 when it retaliated against Plaintiff when he complained about Defendants' Labor Code violations.

44

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**TENTH CAUSE OF ACTION**
**VIOLATIONS OF THE PRIVATE ATTORNEY GENERALS ACT OF 2004**
**[Labor Code § 2698, et seq.]**
**On Behalf of Plaintiff and the Class Against All Defendants**

141.   Plaintiff, individually and on behalf of all aggrieved employees, re-alleges and incorporates by reference all previous paragraphs.

142.   Based on the above allegations incorporated by reference, Defendant has violated Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1102.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, and IWC Wage Order No. 4-2001. Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

143.   Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

$100 for the initial violation per employee per pay period; and

$200 for each subsequent violation per employee per pay period.

144.   These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency (LWDA) and twenty-five percent (25%) to the affected employees. These penalties may be stacked separately for each of Defendants violations of the California Labor Code. *See e.g. Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx) 2012 U.S.Dist. LEXIS 86975, at *59, fn. 77 (C.D.Cal. June 22, 2012) (holding that although the plaintiff did not seek stacked PAGA penalties, that "PAGA penalties can be 'stacked,' *i.e.,* multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."); *See Lopez v. Friant & Assocs., LLC*, No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26, 2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code section 226(a) does not have to

45

satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1) and acknowledging that a Plaintiff could recover separately under PAGA for violations of Labor Code §§ 226(a) and 226(e)); *accord Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO) 2010 U.S. Dist. LEXIS 81128, at *17 (E.D. Cal. July 14, 2010); *Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 U.S. Dist. LEXIS 72659, 2008 WL 3863489, at * 2-3 (E.D. Cal. Aug. 19, 2008); *Smith v. Brinker Intern, Inc.*, No. C 10-0213 VRW, 2010 U.S. Dist. LEXIS 54110, 2010 WL 1838726, at * 2-6 (N.D. Cal. May 5, 2010).

145.    In addition, to the extent permitted by law, Defendant has failed to provide Plaintiff and all aggrieved employees with accurate itemized wage statements in compliance with Labor Code § 226(a). Plaintiff seeks separate PAGA penalties for Defendant's violations of Labor Code §§ 226(a) and 226(e). *Lopez v. Friant & Assocs., LLC*, 15 Cal.App.5th 773, 788 (2017);  *Bell v. Home Depot U.S.A.* (E.D. Cal. Dec. 11, 2017) No. 2:12-cv-02499 JAM-CKD, 2017 U.S. Dist. LEXIS 204493, at *5 [finding after Friant that "[t]o the extent the Court's Order [granting summary judgment to Home Depot] was ambiguous, the Court now clarifies that it granted summary judgment on Plaintiff's derivative claim for [PAGA] penalties under section 226(e)…the Court's Order should not be read to grant summary judgment on Plaintiff's claim for PAGA penalties based on violation of section 226(a)."]). For violations of Labor Code § 226(a), Plaintiff seeks the default penalty provided by Labor Code § 226.3. Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." Accordingly, through PAGA and to the extent permitted by law Plaintiff and the aggrieved employees are entitled to recover penalties for violations of Labor Code §

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

226.3 and seek default PAGA penalties for each of Defendant's numerous violations of Labor Code § 226(e).

146. In addition, as Defendant has failed to pay Plaintiff and the Class Members on a weekly basis and failed to pay Plaintiff and the Class Members within seven days of the close of payroll. Plaintiff, the State of California, and the Class Members are entitled to civil penalties pursuant to California Labor Code § 210. Labor Code § 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices described in detail above, Plaintiff and members of the Class are entitled to recover penalties under Labor Code § 210 through PAGA.

147. Pursuant to Labor Code § 2699.3 (a), on August 28, 2025, Plaintiff gave written notice by certified mail to Defendant, and to the LWDA of the claims for violations of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1102.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, and IWC Wage Order No. 4-2001, and theories supporting these claims as alleged herein. As of the date of this Complaint, the LWDA has not responded to Plaintiff's PAGA letter. Accordingly, Plaintiff has fulfilled all administrative prerequisites to the filing and pursuit of PAGA claims for himself and all other current and former aggrieved employees of Defendant.

148. As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1102.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, and IWC Wage Order No. 4-2001.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## ELEVENTH CAUSE OF ACTION
## UNFAIR COMPETITION LAW VIOLATIONS
## (BUS. & PROF. CODE § 17200, ET SEQ.)
## On Behalf of Plaintiff and the Class Against All Defendants

149.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

150.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

151.   Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Such a person may bring such an action on behalf of himself, and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

152.   Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years.  Accordingly, the actionable period for this cause of action is from December 10, 2021, or four years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, or the Class is certified.

153.   Section 90.5(a) of the Labor Code states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

154.   As a direct and proximate result of Defendants' unlawful business practices, Plaintiff and the Class Members have suffered economic injuries.

48

Defendants have profited from its unlawful, unfair, and/or fraudulent acts and practices. Plaintiff personally experienced these violations during each and every workweek of Plaintiff's employment, from the workweek of June 26, 2023, through the workweek ending September 2, 2025.

155. Plaintiff and similarly situated Class Members are entitled to monetary relief pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid wages, unpaid meal and rest period premiums, due and interest thereon, from at least four years prior to the filing of this complaint through to the date of such restitution, at rates specified by law. Defendants should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

156. Through its actions alleged herein, Defendants have engaged in unfair competition within the meaning of section 17200 of the California Business & Professions Code, because Defendants' conduct, as herein alleged has damaged Plaintiff and the Class Members by wrongfully denying them wages due for all hours worked and overtime, and wrongfully denying them missed meal and rest period premiums, and therefore was substantially injurious to Plaintiff and the Class Members.

157. Defendants engaged in unfair competition in violation of sections 17200 et seq. of the California Business & Professions Code by violating Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1102.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, and IWC Wage Order No. 4-2001.

158. Defendants' course of conduct, act and practice in violation of the California laws mentioned above constitute independent violations of sections 17200 et seq. of the California Business and Professions Code.

159. Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Code § 17202.

160.   Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing individually and on behalf of other similarly situated Class Members previously or presently employed by Defendants in California.  Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5, and Labor Code § 1194.

## JURY DEMAND

Plaintiff hereby demands trial by jury of Plaintiff's and the Class's claims against Defendants.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for the following relief:

Wherefore, Plaintiff, individually and on behalf of the members of the Class, pray for judgment against Defendant as follows:

1.   An Order than this action may proceed and be maintained as a class action;

2.   On the First Cause of Action:

    a. A declaratory judgment that Defendant violated sections 510, 1194, 1194.2 of the California Labor Code by failing to pay Plaintiff and other members of the Class for all compensation for all hours worked in excess of eight hours in a day or forty hours in a workweek at the proper overtime rate;

    b. An award to Plaintiff and the other members of the Class in the amount of their unpaid overtime compensation owed to them plus

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

interest; and/or liquidated damages;

    c.    An award to Plaintiff and the Class Members of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

3.    On the Second Cause of Action:

    a.    A declaratory judgment that Defendant violated sections 1194, 1194.2, and 1198 of the California Labor Code by failing to pay Plaintiff and other members of the Class hourly and separately for their time spent on statutory rest periods and working beyond 40 hours per week during the class period;

    b.    An award to Plaintiff and other members of the Class in the amount of their unpaid wages owed to them for their time spent on statutory rest periods, plus interest and/or liquidated damages during the class period;

    c.    An award to Plaintiff and the other members of the Class in the amount of their unpaid wages owed to them for their time spent working beyond 40 hours per week during the class period, plus interest; and/or liquidated damages;

    d.    An award to Plaintiff and the Class Members of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

4.    On the Third Cause of Action:

    a.    A declaratory judgment that Defendant violated California Labor Code § 226.7, 512, and Section 11 of IWC Wage Order No. 4-2001;

    b.    Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that a paid meal period was not provided during the Class Period;

5.    On the Fourth Cause of Action

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

a.  A declaratory judgment that Defendant violated California Labor Code §§ 226.7, and Section 12 of IWC Wage Order No. 4-2001;

b.  Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that an off-duty rest period was not provided during the Class Period;

6.  <u>On the Fifth Cause of Action:</u>

a.  A declaratory judgment that Defendant violated California Labor Code §204 by paying Plaintiff, and members of the Class more than seven days after the close of payroll.

b.  For compensatory damages, including lost wages, bonuses, and other losses, according to proof,

c.  For general damages, according to proof;

d.  For an award of interest, including prejudgment interest at the legal rate;

e.  For statutory damages, including reasonable attorneys' fees and costs of suit.

7.  <u>On the Sixth Cause of Action:</u>

a.  A declaratory judgment that Defendant violated California Labor Code §226 by issuing inaccurate and/or incomplete wage statements that failed to include total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate to Plaintiff and the Wage Statement Penalty Subclass members;

b.  An award to Plaintiff and Wage Statement Penalty Subclass Members of $50 for each initial pay period, one year prior to the filing of this Complaint through the date of trial, in which a violation of Section 226 occurred and $100 for each subsequent pay period, one year prior to the filing of this Complaint through the date of trial,  in which a violation of Section 226 occurred, not to exceed

52

$4,000 for each member of the Wage Statement Penalty Subclass, as well as an award of costs and reasonable attorney's fees, pursuant to Labor Code § 226(e).

8.   On the Seventh Cause of Action:

a.   A declaratory judgment that Defendant violated California Labor Code §§ 201 through 203;

b.   Pursuant to Cal. Labor Code §§ 201 through 203, an award to Plaintiff and the Waiting Time Penalty Subclass members for waiting time penalties in the amount of 30 days' wages per Waiting Time Penalty Subclass Member.

9.   On the Eighth Cause of Action

a.   A declaratory judgement that Defendant violated Labor Code § 2802;

b.   Pursuant to 2802 (a)-(c), reimbursement for all the unreimbursed business-related expenses incurred by Plaintiff and the Class Members, plus interest and attorney's fees.

10.   On the Ninth Cause of Action:

a.   A declaratory judgment that Defendants violated California Labor Code §1102.5 by retaliating against Plaintiff;

b.   For statutory damages, including reasonable attorneys' fees and costs of suit.

11.   On the Tenth Cause of Action:

a.   For penalties and other relief allowable under Labor Code § 2699, *et seq.* for Plaintiff and all aggrieved employees because of Defendant's violation of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1102.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, and IWC Wage Order No. 4-2001;

b.   A civil penalty against Defendant in the amount of $100 for the initial violation and $200 for each subsequent violation as specified in section 2699(f)(2) of the California Labor Code for Plaintiff and all aggrieved employees for

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

each and every pay period during that occurred between August 28, 2024, and the date of judgment and/or approval of settlement;

c. A civil penalty against Defendant, pursuant to Labor Code § 1197.1 for the initial violation that is intentionally committed, in the amount of one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid and for each subsequent violation, two hundred fifty dollars ($200) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally committed, for Plaintiff and all aggrieved employees for each and every pay period during that occurred between August 28, 2024, and the date of judgment and/or approval of settlement;

d. A civil penalty against Defendant pursuant to Labor Code § 210 for the initial violation that is committed, in the amount of one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid and for each subsequent violation, two hundred dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid, for Plaintiff and all aggrieved employees for each and every pay period during that occurred between August 28, 2024, and the date of judgment and/or approval of settlement;

e. A civil penalty against Defendant pursuant to Labor Code § 226.3 for the initial violation that is committed, in the amount of two hundred fifty dollars ($250) for the initial each inaccurate wage statement provided to Plaintiff and the aggrieved employees and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period for which the employee is provided an incomplete or inaccurate wage statement, for Plaintiff and all aggrieved employees for each and every pay period during that occurred between August 28, 2024, and the date of judgment and/or approval of settlement;

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

f.    An award of reasonable attorney's fees against Defendant as specified in Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection with the PAGA claims;

g.    An award of all costs incurred by the undersigned counsel for Plaintiff in connection with Plaintiff's and the aggrieved employees' claims against Defendant as provided for in Labor Code § 2699(g)(1);

12.    On the Eleventh Cause of Action:

a.    That the Court find and declare that Defendants have violated the UCL and committed unfair and unlawful business practices by failing to pay Plaintiff and Class Members on a separate and hourly basis for their rest break time, overtime, and time spent on nonproductive times, by failing to pay missed meal and rest break premiums;

b.    Restitution, including, but not limited to, the relief permitted by Labor Code Sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, and IWC Wage Order No. 4-2001 (i.e., pay as specified for time spent on the nonproductive times, and time spent on rest periods by Plaintiff and the members of the Class during the Class Period), as well as a disgorgement of all profits associated with Defendants' unlawful policies as described above;

13.    Such other and further relief as this Court may deem proper and just.

Dated: June 8, 2026                         Respectfully,

                                            POTTER HANDY LLP.


                                            *James M. Treglio*
                                            _____

                                     By:    James M. Treglio
                                            Jason Kyle Masanque
                                            Counsel for Plaintiff and the Putative Class

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT