SEYFARTH SHAW LLP
Richard B. Lapp (SBN 271052)
rlapp@seyfarth.com
Christopher A. Crosman (SBN 190336)
ccrosman@seyfarth.com
2029 Century Park East, Suite 3500
D. Joshua Salinas (SBN 282065)
jsalinas@seyfarth.com
Los Angeles, CA 90067-3021
Telephone:(310) 201-1528
Facsimile: (310) 201-5219

[*Additional counsel on following page*]

Attorneys for Defendant and Counterclaimant
GANNETT SATELLITE INFORMATION
NETWORK, LLC (erroneously sued as
GANNETT CO., INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN TRUESDELL, individually and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>GANNETT CO., INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:26-cv-01747-KK-DTB<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**<br><br>Riverside County Superior Court Case No. CVRI2506951<br><br>Action Filed: December 10, 2025 |
| GANNETT SATELLITE INFORMATION NETWORK, LLC, a Delaware limited liability company,<br><br>Counterclaimant<br><br>v.<br><br>NATHAN TRUESDELL, an individual; and TRUELOCAL MEDIA, LLC, a California limited liability company,<br><br>Counter-Defendants. | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

SEYFARTH SHAW LLP
James Sobolov (SBN 352529)
jsobolov@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

Attorneys for Defendant and
Counterclaimant GANNETT SATELLITE
INFORMATION NETWORK, LLC
(erroneously sued as GANNETT CO., INC.)

Defendant and Counterclaimant Gannett Satellite Information Network, LLC (erroneously sued as Gannett Co, Inc.) ("Defendant" or "Counterclaimant"), by and through its undersigned counsel of record, hereby answers the First Amended Class & Representative Action Complaint ("Complaint") of Plaintiff and Counter-Defendant Nathan Truesdell as follows:

## INTRODUCTION

1.      Defendant admits that Plaintiff is alleging in this action that Defendant violated the California Labor Code, California Business and Professions Code, and Wage Orders.  To the extent this paragraph purports to contain any additional allegations of fact, Defendant denies such allegations.

2.      Defendant admits that Plaintiff is alleging a class period from December 10, 2021, through the date of trial.  To the extent this paragraph purports to contain any additional allegations of fact, Defendant denies such allegations.

## JURISDICTION

3.      Defendant admits that Gannett Satellite Information Network, LLC, erroneously sued as Gannett Co., Inc., is registered to do business and does business in California.  The remaining allegations in Paragraph 3 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 3 purports to contain any allegations of fact, Defendant denies any such allegations.

## THE PARTIES

**A.     The Plaintiff**

4.      Defendant admits that Plaintiff was employed by Gannett Satellite Information Network, LLC in Riverside county. Defendant admits that Plaintiff is a resident of California.  Defendant denies that Plaintiff was ever employed by Gannett Co., Inc.

5.      Defendant admits that Gannett Satellite Information Network, LLC hired Plaintiff to work in California. Defendant admits that Plaintiff seeks to represent a

1

purported group of similarly situated individuals hired by Gannett Satellite Information Network, LLC to work in California. Defendant denies that Plaintiff was ever employed by Gannett Co., Inc.

6.      Defendant admits that Plaintiff purports to bring claims on behalf of a putative class of outside commissioned sales representatives. To the extent Paragraph 6 purports to contain any additional allegations of fact, Defendant denies any such allegations contained in Paragraph 6.

7.      The allegations in Paragraph 7 contain no allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 7 purports to contain any allegations of fact, Defendant denies any such allegations contained in Paragraph 7.

**B.      The Defendants**

8.      Defendant admits that Gannett Satellite Information Network, LLC is a Delaware Corporation with its principle place of business in New York, New York. Defendant admits that Gannett Satellite Information Network, LLC employed Plaintiff and other individuals as commissioned sales representatives within the county of Riverside. Defendant cannot admit or deny that it employed individuals in "various roles" as stated in Paragraph 8 to the extent that Plaintiff fails to define "various roles" in his Complaint. Defendant denies that Plaintiff was ever employed by Gannett Co., Inc.

9.      The allegations in Paragraph 9 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 9.

10.     The allegations in Paragraph 10 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 10.

11.     The allegations in Paragraph 11 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this

2

paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 11.

## FACTUAL ALLEGATIONS

12.    Defendant admits the allegations in Paragraph 12.

13.    Defendant denies that individuals Gannett Satellite Information Network, LLC hired as outside salespersons spent more than half their working hours in an office setting. Defendant denies the remaining allegations contained in Paragraph 13.

14.    Defendant admits that Gannett Satellite Information Network, LLC classified Plaintiff and the putative Class as exempt from California's minimum wage, overtime, meal and rest break, and wage statement requirements. Defendant denies the remaining allegations contained in Paragraph 14.

15.    Defendant admits that Gannett Satellite Information Network, LLC did not provide its outside sales representatives with overtime compensation. Defendant denies the remaining allegations contained in Paragraph 15.

16.    Defendant admits that Gannett Satellite Information Network, LLC did not provide Plaintiff with a work phone. Defendant denies that it did not reimburse business expenses, including for the use of personal cellular devices. Defendant denies the remaining allegations contained in Paragraph 16.

17.    Defendant admits that Gannett Satellite Information Network, LLC placed Plaintiff on a coaching plan to address performance concerns related to business development, adherence to sales processes, and respectful communication. Defendant admits that Gannett Satellite Information Network, LLC placed Plaintiff on a Performance Improvement Plan due to Plaintiff's failure to meet improvement targets as part of the coaching plan. Defendant denies the remaining allegations contained in Paragraph 17.

18.    Defendant denies the allegations contained in Paragraph 18.

3

DEFENDANT'S ANSWER AND COUNTERCLAIM

**A.      Overtime**

19.      The allegations in Paragraph 19 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 19.

20.      The allegations in Paragraph 20 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 20.

21.      Defendant admits that Plaintiff was not responsible for supervising any staff members or responsible for disciplining, hiring, training, or firing Gannett Satellite Information Network, LLC's employees. Defendant denies that it improperly designated Plaintiff or those in the putative Class as exempt. Defendant denies the remaining allegations contained in Paragraph 21.

22.      The allegations in Paragraph 22 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 22 purports to contain any allegations of fact, Defendant denies any such allegations contained in Paragraph 22.

23.      Defendant admits that, as an exempt employee, Plaintiff was not paid overtime. The remaining allegations in Paragraph 23 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that the remaining allegations contain any allegations of fact, Defendant denies such allegations as contained in Paragraph 23.

24.      Defendant has insufficient information to admit or deny that Plaintiff worked more than 40 hours per work week. Defendant denies that Plaintiff was improperly classified as an exempt employee. The remaining allegations in Paragraph 24 constitute conclusions of law as opposed to fact and, accordingly, no answer is required.

DEFENDANT'S ANSWER AND COUNTERCLAIM

To the extent that the remaining allegations contain any allegations of fact, Defendant denies such allegations as contained in Paragraph 24.

**B.      Minimum Wage**

25.      Defendant denies the allegations contained in Paragraph 25.

26.      The allegations in Paragraph 26 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 26.

27.      The allegations in Paragraph 27 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 27.

28.      The allegations in Paragraph 28 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 28.

29.      Defendant denies that it misclassified Plaintiff or the putative Class members as exempt. Defendant denies the remaining allegations contained in Paragraph 29.

30.      Defendant admits that, as exempt employees, Plaintiff and the putative Class members were not paid overtime. The remaining allegations in Paragraph 30 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 30.

31.      Defendant admits that, as exempt employees, Plaintiff and the putative Class members did not earn overtime. The remaining allegations in Paragraph 31 constitute conclusions of law as opposed to fact and, accordingly, no answer is required.

To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 31.

32.     Defendant denies the allegations contained in Paragraph 32.

**C.     Meal Periods**

33.     The allegations in Paragraph 33 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 33.

34.     The allegations in Paragraph 34 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 34.

35.     The allegations in Paragraph 35 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 35.

36.     Defendant admits that Plaintiff and the putative Class members worked more than five hours in a work day.  The remaining allegations in Paragraph 36 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 36.

37.     Defendant denies that the putative Class members were not provided with meal periods.  Defendant admits that, as exempt employees, Plaintiff and the putative Class members did not receive meal period premiums. The remaining allegations in Paragraph 37 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 37.

DEFENDANT'S ANSWER AND COUNTERCLAIM

38.    The allegations in Paragraph 38 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 38.

39.    Defendant denies the allegations contained in Paragraph 39.

**D.    Rest Periods**

40.    The allegations in Paragraph 40 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 40.

41.    The allegations in Paragraph 41 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 41.

42.    Defendant admits that Plaintiff and the putative Class members worked more than four hours in a work day. The remaining allegations in Paragraph 42 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 42.

43.    The allegations in Paragraph 43 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 43.

44.    The allegations in Paragraph 44 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 44.

45.    The allegations in Paragraph 45 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this

DEFENDANT'S ANSWER AND COUNTERCLAIM

paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 45.

46. The allegations in Paragraph 46 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 46.

47. The allegations in Paragraph 47 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 47.

48. Defendant admits that, as exempt employees, Plaintiff and the putative Class members were not provided rest break premiums of one (1) hours' worth of compensation.

49. Defendant denies the allegations contained in Paragraph 49.

**E.    Labor Code § 204**

50. The allegations in Paragraph 50 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 50.

51. The allegations in Paragraph 51 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 51.

52. The allegations in Paragraph 52 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

DEFENDANT'S ANSWER AND COUNTERCLAIM

**F.      Labor Code §§ 201-203**

54.      The allegations in Paragraph 54 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 54.

55.      Defendant admits that, as exempt employees, Plaintiff and the putative Class members whose employment with Defendant concluded were not paid overtime, meal period premiums, and rest premiums at the time of termination. Defendant denies the remaining allegations contained in Paragraph 55.

56.      Defendant denies the allegations contained in Paragraph 56.

**G.      Wage Statements**

57.      The allegations in Paragraph 57 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 57.

58.      The allegations in Paragraph 58 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 58.

59.      Defendant admits that, as exempt employees, Plaintiff and the putative Class members were not paid meal or rest period premiums. Defendant denies the remaining allegations contained in Paragraph 59.

60.      Defendant denies the allegations contained in Paragraph 60.

61.      The allegations in Paragraph 61 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 61.

DEFENDANT'S ANSWER AND COUNTERCLAIM

62.    The allegations in Paragraph 62 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 62.

63.    Defendant denies the allegations contained in Paragraph 63.

64.    Defendant denies that it did not reimburse Plaintiff or the putative Class members for use of their personal mobile phones to make business calls. Defendant denies the remaining allegations contained in Paragraph 64.

**H.    Labor Code § 2802**

65.    The allegations in Paragraph 65 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 65.

66.    The allegations in Paragraph 66 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 66.

67.    Defendant denies the allegations contained in Paragraph 67.

68.    Defendant denies the allegations contained in Paragraph 68.

**I.    Labor Code § 1102.5**

69.    The allegations in Paragraph 69 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 69.

70.    Defendant denies the allegations contained in Paragraph 70.

DEFENDANT'S ANSWER AND COUNTERCLAIM

## CLASS ACTION ALLEGATIONS

71.     Defendant admits that Plaintiff purports to bring claims on behalf of a putative class of outside commissioned sales representatives. To the extent Paragraph 71 purports to contain any additional allegations of fact, Defendant denies any such allegations contained in Paragraph 71.

72.     Defendant denies the allegations contained in Paragraph 72.

## FIRST CLASS CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

(Violation of Labor Code §§ 510, 1194, and 1198, as well as the "Hours and Days of Work" section of IWC Wage Order No. 4)

73.     Defendant incorporates its responses to Paragraphs 1-72 herein.

74.     The allegations in Paragraph 74 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 74.

75.     The allegations in Paragraph 75 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 75.

76.     The allegations in Paragraph 76 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 76.

77.     The allegations in Paragraph 77 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 77.

11

DEFENDANT'S ANSWER AND COUNTERCLAIM

78. The allegations in Paragraph 78 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 78.

79. Defendant denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant denies the allegations contained in Paragraph 81.

82. The allegations in Paragraph 82 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that Paragraph 82 contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 82.

83. Defendant admits that Plaintiff occasionally worked more than 40 hours per work week. The remaining allegations in Paragraph 83 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that Paragraph 83 contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 83.

## SECOND CLASS CAUSE OF ACTION

### FAILURE TO PAY FOR ALL HOURS WORKED

(Cal. Labor Code §§ 1194; 1194.2, and 1198)

84. Defendant incorporates its responses to Paragraphs 1-83 herein.

85. The allegations in Paragraph 85 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 85.

86. The allegations in Paragraph 86 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 86.

DEFENDANT'S ANSWER AND COUNTERCLAIM

87. Defendant denies that it misclassified Plaintiff or the putative Class members as exempt. Defendant denies the remaining allegations contained in Paragraph 87.

88. Defendant admits that, as exempt employees, Plaintiff and the putative Class members was not paid overtime. The remaining allegations in Paragraph 88 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any additional allegations of fact, Defendant denies such allegations as contained in Paragraph 88.

89. Defendant admits that, as exempt employees, Plaintiff and the putative Class members did not earn overtime. The remaining allegations in Paragraph 89 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any additional allegations of fact, Defendant denies such allegations as contained in Paragraph 89.

## THIRD CLASS CAUSE OF ACTION

## FAILURE TO PROVIDE OFF-DUTY MEAL BREAKS AND FAILURE TO PAY MISSED MEAL BREAK PREMIUMS

(Cal. Labor Code §§ 226.7, 512)

90. Defendant incorporates its responses to Paragraphs 1-89 herein.

91. The allegations in Paragraph 91 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this paragraph contains any additional allegations of fact, Defendant denies such allegations as contained in Paragraph 91.

92. The allegations in Paragraph 92 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 92.

93. The allegations in Paragraph 93 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this

13

paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 93.

94.    The allegations in Paragraph 94 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 94.

95.    The allegations in Paragraph 95 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 95.

96.    The allegations in Paragraph 96 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 96.

97.    The allegations in Paragraph 97 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 97.

98.    Defendant admits that Plaintiff and the putative Class members worked more than five hours in a work day. The remaining allegations in Paragraph 98 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any additional allegations of fact, Defendant denies such allegations as contained in Paragraph 98.

99.    Defendant admits that, as exempt employees, Plaintiff and the putative Class members did not receive meal period premiums. The remaining allegations in Paragraph 99 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any additional allegations of fact, Defendant denies such allegations as contained in Paragraph 99.

14

100.    The allegations in Paragraph 100 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 100.

## FOURTH CLASS CAUSE OF ACTION

## FAILURE TO PROVIDE PAID REST PERIODS AND PAY MISSED REST BREAK PREMIUMS

(Cal. Labor Code §§ 226.7; Section 12 of IWC Wage Order No. 4)

101.    Defendant incorporates its responses to Paragraphs 1-100 herein.

102.    The allegations in Paragraph 102 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 102.

103.    The allegations in Paragraph 103 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 103.

104.    Defendant admits that Plaintiff and the putative Class members worked more than four hours in a work day. The remaining allegations in Paragraph 104 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 104.

105.    The allegations in Paragraph 105 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 105.

106.    The allegations in Paragraph 106 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this

paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 106.

107. The allegations in Paragraph 107 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 107.

108. The allegations in Paragraph 108 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 108.

109. Defendant admits that, as exempt employees, Plaintiff and the putative Class members were not provided rest break premiums of one (1) hours' worth of compensation.

## FIFTH CLASS CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES WITHIN A TIMELY MANNER

(Cal. Labor Code §§ 204)

110. Defendant incorporates its responses to Paragraphs 1-109 herein.

111. The allegations in Paragraph 111 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 111.

112. The allegations in Paragraph 112 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 112.

113. The allegations in Paragraph 113 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required. To the extent that this

DEFENDANT'S ANSWER AND COUNTERCLAIM

paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 113.

114. Defendant denies the allegations contained in Paragraph 114.

115. Defendant admits that, as exempt employees, Plaintiff and the putative Class members did not receive meal period premiums and rest period premiums. Defendant denies the remaining allegations contained in Paragraph 115.

116. Defendant denies the allegations contained in Paragraph 116.

117. The allegations in Paragraph 117 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 117.

118. The allegations in Paragraph 118 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 118.

119. The allegations in Paragraph 119 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 119.

**SIXTH CLASS CAUSE OF ACTION**

**FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS**

(Cal. Labor Code §§ 226(a) and 226.2(a)(2)(A)-(B))

120. Defendant incorporates its responses to Paragraphs 1-119 herein.

121. Defendant denies the allegations contained in Paragraph 121.

122. The allegations in Paragraph 122 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 122.

17

DEFENDANT'S ANSWER AND COUNTERCLAIM

123.    Defendant denies the allegations contained in Paragraph 123.

124.    Defendant denies the allegations contained in Paragraph 124.

125.    Defendant denies the allegations contained in Paragraph 125.

126.    The allegations in Paragraph 126 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 126.

## SEVENTH CLASS CAUSE OF ACTION

## WAITING TIME PENALTIES FOR FAILURE TO PAY WAGES DUE ON TERMINATION

(Cal. Labor Code §§ 201-203)

127.    Defendant incorporates its responses to Paragraphs 1-126 herein.

128.    Defendant denies the allegations contained in Paragraph 128.

129.    The allegations in Paragraph 129 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 129.

130.    The allegations in Paragraph 130 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 130.

131.    The allegations in Paragraph 131 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 131.

132.    The allegations in Paragraph 132 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this

paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 132.

## EIGHTH CLASS CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

(Cal. Labor Code § 2802)

133.    Defendant incorporates its responses to Paragraphs 1-132 herein.

134.    The allegations in Paragraph 134 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 134.

135.    Defendant denies the allegations contained in Paragraph 135.

136.    Defendant denies the allegations contained in Paragraph 136.

137.    The allegations in Paragraph 137 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 137.

## NINTH INDIVIDUAL CAUSE OF ACTION

## WHISTLEBLOWER RETALIATION

(Cal. Labor Code § 1102.5)

138.    Defendant incorporates its responses to Paragraphs 1-137 herein.

139.    The allegations in Paragraph 139 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 139.

140.    Defendant denies the allegations contained in Paragraph 70.

DEFENDANT'S ANSWER AND COUNTERCLAIM

## TENTH CLASS CAUSE OF ACTION

## VIOLATIONS OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004

(Labor Code § 2698, et. seq.)

141.    Defendant incorporates its responses to Paragraphs 1-140 herein.

142.    Defendant denies the allegations contained in Paragraph 142.

143.    The allegations in Paragraph 143 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 143.

144.    The allegations in Paragraph 144 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 144.

145.    Defendant admits that Plaintiff seeks to recover statutory penalties under the California Labor Code. The remaining allegations in Paragraph 145 constitute conclusions of law as opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any additional allegations of fact, Defendant denies such allegations as contained in Paragraph 145.

146.    The allegations in Paragraph 146 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 146.

147.    Defendant admits that Plaintiff served it with a notice setting forth purported Labor Code violations that Defendant had allegedly committed, and that the notice indicates it was filed with the LWDA. Defendant denies that this notice included sufficient description of the facts and theories to support such alleged violations, and on that basis denies these allegations. To the extent that this paragraph contains any additional allegations of fact, Defendant denies such allegations.

20

DEFENDANT'S ANSWER AND COUNTERCLAIM

148.   Defendant admits that Plaintiff seeks statutory Penalties under the Labor Code. To the extent that Paragraph 148 purports to contain any additional allegations of fact, Defendant denies any such allegations contained in Paragraph 148.

## ELEVENTH CLASS CAUSE OF ACTION

## UNFAIR COMPETITION LAW VIOLATIONS

(Bus. & Prof. Code § 17200, et. seq.)

149.   Defendant incorporates its responses to Paragraphs 1-148 herein.

150.   Defendant incorporates its responses to Paragraphs 1-149 herein.

151.   The allegations in Paragraph 151 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 151.

152.   The allegations in Paragraph 152 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 152.

153.   The allegations in Paragraph 153 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 153.

154.   Defendant denies the allegations contained in Paragraph 154.

155.   The allegations in Paragraph 155 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 155.

156.   Defendant admits that, as exempt employees, Plaintiff and the putative Class members did not receive overtime pay, meal break premiums, and rest break premiums. The remaining allegations in Paragraph 156 constitute conclusions of law as

opposed to fact and, accordingly, no answer is required. To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 156.

157.    The allegations in Paragraph 157 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 157.

158.    The allegations in Paragraph 158 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 158.

159.    The allegations in Paragraph 159 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 159.

160.    The allegations in Paragraph 160 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that this paragraph contains any allegations of fact, Defendant denies such allegations as contained in Paragraph 160.

## PRAYER FOR RELIEF

Defendant denies, generally and specifically, that Plaintiff and the putative Class members have been damaged in any amount at all, by reason of any act, omission or other conduct on the part of Defendant, or on the part of Defendant's agents, representatives, and/or employees.  Defendant further denies, generally and specifically, that Plaintiff and the putative Class members are entitled to the relief sought in the Complaint or the Prayer for Relief, or any other relief sought whatsoever.  Defendant generally denies any allegations of Plaintiff's Complaint not specifically admitted herein.

DEFENDANT'S ANSWER AND COUNTERCLAIM

## SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, Defendant asserts the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST SEPARATE DEFENSE

(Statute of Limitations)

Plaintiff's claims, and those of the putative class, are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338(a), 339(1), 340 and 343, and Business and Professions Code section 17208.

## SECOND SEPARATE DEFENSE

(Estoppel)

Plaintiff, by his conduct, is estopped to assert any cause of action against Defendant.

## THIRD SEPARATE DEFENSE

(Good Faith Dispute)

Plaintiff, and the individuals he seeks to represent, are not entitled to Labor Code section 203 penalties because a good-faith dispute existed as to the monies allegedly owed at the time of the terminations such that Defendant cannot be held to have willfully failed to comply with the requirements of the applicable Labor Code sections, not all members of the putative class have separated employment prior to the commencement of this action and such penalties cannot continue after the commencement of an action.

## FOURTH SEPARATE DEFENSE

(No Failure to Maintain Records)

At all relevant times, Defendant maintained accurate records as required by law.

23

DEFENDANT'S ANSWER AND COUNTERCLAIM

## FIFTH SEPARATE DEFENSE

### (No Injury as a Result of Failure to Maintain Records)

Neither Plaintiff nor any putative Class member suffered any injury as a result of Defendant's alleged failure to maintain accurate records and, therefore, are barred from recovery.

## SIXTH SEPARATE DEFENSE

### (Full Payment for All Hours Worked)

Plaintiff's Complaint is barred to the extent that Plaintiff and/or every putative Class member received full compensation for all hours worked.

## SEVENTH SEPARATE DEFENSE

### (Exempt Status)

Plaintiff's claims, and those of the individuals he seeks to represent, are barred in whole or in part to the extent that Plaintiff, or any of those he seeks to represent, are or were exempt from the overtime and/or meal and rest period requirements of the California Labor Code and the Industrial Welfare Commission Wage Orders ("Wage Orders"), including, but not limited to, pursuant to the Outside Sales, Inside Sales, or other exemptions of the California Labor Code and Wage Orders, as well as by virtue of falling under any combination or permutation of exemptions under the California Labor Code or Wage Orders.  See, e.g., Cal. Labor Code §§ 515 and 1171; Industrial Welfare Commission Wage Order 4-2001 §§ 1(A) and 1(C).

## EIGHTH SEPARATE DEFENSE

### (*De Minimis* Doctrine)

Plaintiff's claims for alleged unpaid overtime or other wages, on behalf of himself and the putative class, are barred to the extent that the time which Plaintiff or putative Class members contend was uncompensated was de minimis.  See Lindow v. United States, 738 F.2d 1057 (9th Cir. 1984); see also See's Candy Shops, Inc. v. Superior Court, 210 Cal. App. 4th 889, 901 (2012).

24

**NINTH SEPARATE DEFENSE**

(Failure to State a Claim)

Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action or claim for relief against Defendant.

**TENTH SEPARATE DEFENSE**

(Meal and Rest Breaks Provided)

At all times relevant to the Complaint, Defendant provided meal periods, authorized and permitted rest breaks, and maintained lawful policies. To the extent that Plaintiff or any putative class member voluntarily chose not to take such breaks, Defendants have not violated the California Labor Code or the IWC Wage Orders, and the purported meal and rest period claims are barred.

**ELEVENTH SEPARATE DEFENSE**

(No Recovery Under Section 17200)

Plaintiff improperly seeks, through his causes of action under Business and Professions Code section 17200, to recover penalties and monies that are not recoverable under that statute.

**TWELFTH SEPARATE DEFENSE**

(No Section 17200 Standing)

Plaintiff's Complaint, Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any of the individuals he seeks to represent, lack the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200, et seq., must show that he or she has suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiff, or any of the individuals he seeks to represent, cannot allege

25

DEFENDANT'S ANSWER AND COUNTERCLAIM

the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

## THIRTEENTH SEPARATE DEFENSE

### (Failure to Allege Facts to Support Restitution)

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific and individualized amount of property claimed by Plaintiff and/or any other member of the purported Class, as required for a remedy of restitution under the UCL.

## FOURTEENTH SEPARATE DEFENSE

### (Lack of Standing for Injunctive Relief)

The claims of Plaintiff and putative members of the purported Class for injunctive and other equitable relief are barred because Plaintiff is a former employees and thus has no standing to seek injunctive or other equitable relief.

## FIFTEENTH SEPARATE DEFENSE

### (Inability to Pursue Legal and Equitable Claims Involving Same Alleged Facts)

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff seeks a jury trial for his legal claims based on the California Labor Code while simultaneously seeking equitable relief for their claims under the UCL. Given that these claims require different triers of fact to address the same facts and legal theories, Plaintiff's request for both legal and equitable relief may lead to inconsistent results. Also, because Plaintiff's claims under the California Labor Code involve the same facts and legal theories as Plaintiff's claims under the UCL, Defendant is necessarily denied the benefits of the streamlined procedure based on the UCL if Plaintiff continues to pursue both legal and equitable claims.

## SIXTEENTH SEPARATE DEFENSE

### (No Willful or Knowing and Intentional Violation)

Plaintiff and the putative Class members are not entitled to any penalty award under Sections 226 of the California Labor Code or any other provision of the California

26

Labor Code because, at all times relevant and material herein, Defendant did not willfully, or knowingly and intentionally, fail to comply with the provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code.

<strong><u>SEVENTEENTH SEPARATE DEFENSE</u></strong>

(No Double Penalties)

Plaintiff's claims for penalties are barred to the extent that they claim twice the statutory penalty provided under Labor Code § 226.7 for alleged denied meal or rest period in a single day.

<strong><u>EIGHTEENTH SEPARATE DEFENSE</u></strong>

(Due Process/Excessive Fines)

Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

<strong><u>NINETEENTH SEPARATE DEFENSE</u></strong>

(Reasonableness and Good Faith)

Defendant and its agents acted reasonably and in good faith at all times based on all relevant facts and circumstances known by Defendant at the time it so acted. Accordingly, Plaintiff is barred from recovery.

27

DEFENDANT'S ANSWER AND COUNTERCLAIM

## TWENTIETH SEPARATE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's cause of action pursuant to the Labor Code Private Attorneys General Act of 2004 is barred because Plaintiff and the "aggrieved employees" have failed to exhaust required administrative or statutory remedies provided under California Labor Code Section 2698 et seq. Plaintiff failed to exhaust required administrative remedies provided by various sections of PAGA, and thus lacks standing to sue under PAGA.

## TWENTY-FIRST SEPARATE DEFENSE

### (Unjust, Arbitrary, Oppressive, And/Or Confiscatory Penalties)

Plaintiff and the "aggrieved employees" are not entitled to recover any civil penalties pursuant to PAGA because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

## TWENTY-SECOND SEPARATE DEFENSE

### (PAGA Action Unmanageable)

Plaintiff's allegations do not contain any factual or legal theory to show a representative PAGA action is manageable. The alleged violations under PAGA cannot be maintained because they require numerous individualized assessments to identify the "aggrieved employees" and to determine PAGA violations, if any. Therefore, a PAGA trial will abridge Defendant's due process right to present their defenses as to every claim by each "aggrieved employee."

## PRAYER FOR RELIEF

WHEREFORE Defendant prays as follows:

1.      That Plaintiff takes nothing by his Complaint;

2.      That Plaintiff's request for an order certifying a proposed class action be denied;

3.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

4.      That Defendant be awarded reasonable attorneys' fees according to proof;

DEFENDANT'S ANSWER AND COUNTERCLAIM

5.     That Defendant be awarded the costs of suit incurred herein; and

6.     That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

## COUNTERCLAIM

Defendant and Counterclaimant Gannett Satellite Information Network, LLC ("Counterclaimant"), erroneously sued as Gannett Co., Inc., by and through its undersigned counsel, brings these Counterclaims against Plaintiff and Counter-Defendant Nathan Truesdell ("Truesdell") and Counter-Defendant TrueLocal Media LLC ("TrueLocal") and states as follows:

## NATURE OF ACTION

1.     This action arises from an employee secretly funneling his employer's business to his own personal company, while still on his employer's payroll and after he resigned.

2.     In the months leading up to his voluntary resignation from Counterclaimant, Truesdell began surreptitiously diverting Counterclaimant's clients to his personal competing company, TrueLocal, which he had secretly formed more than five months earlier.

3.     While still employed by Counterclaimant, Truesdell contacted Counterclaimant clients to provide his TrueLocal email address, telling them his "team's email was changing." He also told clients to delete his Counterclaimant email address "to avoid any confusion." Those statements were deceptive and misleading.

4.     On information and belief, Truesdell's intent in making these misleading statements was to cut off Counterclaimant's communication lines with its clients and redirect them to TrueLocal.

5.     The deception did not stop there. Truesdell furthered his scheme by falsely reporting to Counterclaimant that a client had canceled its account due to budget cuts. Counterclaimant believed Truesdell and paused engagement with the client, and further advertising with the client was cancelled in Q2 2025. However, Truesdell had lied and

DEFENDANT'S ANSWER AND COUNTERCLAIM

the client had not canceled. Truesdell continued servicing that client behind Counterclaimant's back and pocketing the payments himself, all while still collecting his Counterclaimant paycheck.

6.      Following his voluntary resignation in September 2025, Truesdell escalated his scheme. He began telling Counterclaimant's clients that Counterclaimant had purportedly rebranded to TrueLocal. Clients who thought they were still working with Counterclaimant were, without their knowledge, working only with Truesdell and his personal company.

7.      At least one client has reported to Counterclaimant that it had no idea that the purported rebrand was false and that Truesdell was no longer working with Counterclaimant. That client reported believing in good faith that TrueLocal was simply Counterclaimant under a new name, and continued paying Truesdell directly on that basis. However, there was a flaw in Truesdell's scheme; he failed to cancel the client's remaining contract in Counterclaimant's system, so that Counterclaimant continued to run advertising services for the client. The client was being double invoiced by Truesdell and Counterclaimant, and accidentally paid both. On information and belief, that client discovered the double payments and is now seeking reimbursement of the payments it made to Truesdell.

8.      As a direct and proximate result of Counter-Defendants' wrongful conduct, Counterclaimant has suffered substantial damages, including the loss of client revenue, the disruption of longstanding client relationships, and damage to its business reputation.

## JURISDICTION AND VENUE

9.      Counterclaimant's counterclaims against Counter-Defendant Nathan Truesdell arise out of the same transactions and occurrences as Truesdell's claims in his First Amended Complaint, and are therefore compulsory counterclaims under Federal Rule of Civil Procedure 13(a). This Court has supplemental jurisdiction over these state law counterclaims pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or

DEFENDANT'S ANSWER AND COUNTERCLAIM

controversy and share a common nucleus of operative facts with the claims in Truesdell's First Amended Complaint.

10.     Counter-Defendant TrueLocal Media LLC is joined as an additional party to Counterclaimant's counterclaims pursuant to Federal Rule of Civil Procedure 13(h), which incorporates Rules 19 and 20. TrueLocal is a necessary and proper party because it was the vehicle through which Truesdell carried out the wrongful conduct alleged herein, and Counterclaimant's claims against TrueLocal arise out of the same series of transactions and occurrences as Counterclaimant's claims against Truesdell.

11.     This Court has personal jurisdiction over Counter-Defendant Truesdell because he is a citizen of California and has submitted to this Court's jurisdiction by filing his First Amended Complaint in this action.

12.     This Court has personal jurisdiction over Counter-Defendant TrueLocal because, on information and belief, it is organized and operates within the State of California, conducts business within this judicial district, and the claims asserted against it arise out of its contacts with this judicial district.

13.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Counter-Defendants are subject to personal jurisdiction within this judicial district and, by bringing his claims in this Court, Truesdell consents to venue and jurisdiction over them in this Court.

## THE PARTIES

14.     Gannett Satellite Information Network, LLC is a Delaware limited liability company with its principal place of business located at 1675 Broadway, 23 Floor, New York, NY 10019. Counterclaimant is, and at all times mentioned was, authorized to conduct business in the State of California.

15.     Upon information and belief, Nathan Truesdell is an individual residing in Cathedral City, California.

31

DEFENDANT'S ANSWER AND COUNTERCLAIM

16.     Upon information and belief, TrueLocal Media LLC is a California limited liability company with its principal place of business  located at 2440 Bob Hope Dr., Ste 1, Rancho Mirage, CA 92270.

## GENERAL ALLEGATIONS

### Counterclaimant's Business

17.     Founded nearly 120 years ago, USA TODAY Co., Inc. (formerly Gannett Co., Inc.) is a diversified media company dedicated to empowering and enriching communities. In November 2025, Gannett Co., Inc., the parent company of Counterclaimant, changed its named to USA TODAY Co., Inc.

18.     Counterclaimant's digital marketing solutions brand, LocaliQ, supports small and medium-sized businesses with innovative digital marketing products and solutions Counterclaimant helps businesses build online presence, drive consumer awareness, manage leads, and measure marketing performance across multiple channels.

19.     Counterclaimant's business depends on establishing and maintaining client relationships.

20.     LocaliQ negotiates with clients on an individual basis regarding the services that it provides to its clients and the fees it charges for its services.

21.     Counterclaimant interacts with its clients primarily through its account managers and executives, like Truesdell, who provide a variety of services to clients on a day-to-day basis and serve as the "face" of Counterclaimant to its clients.

### Truesdell's Employment with Counterclaimant

22.     Truesdell was employed by Counterclaimant from approximately June 26, 2023, until his voluntary resignation on September 2, 2025.

23.     During his employment, Truesdell held the title of Account Executive. In his role, Truesdell was responsible for managing client relationships, soliciting new business, and servicing existing advertising and marketing accounts on behalf of Counterclaimant.

DEFENDANT'S ANSWER AND COUNTERCLAIM

24.    The clients and contacts to whom Truesdell had access were developed and maintained at Counterclaimant's expense and through the use of Counterclaimant's resources, brand, and infrastructure.

25.    As part of his employment with Counterclaimant, Truesdell was bound by various company policies regarding his duty of loyalty, ethical conduct, and fair dealing with clients. Each of the following policies was acknowledged and agreed to by Truesdell on or about June 21, 2023, as part of his onboarding with Counterclaimant.

26.    Truesdell agreed to comply with Counterclaimant's Code of Business Conduct and Ethics (the "Code"), which required employees to avoid any activity or personal interest that created or appeared to create a conflict between the employee's personal interests and the interests of the Company. The Code prohibited, among other things, simultaneous employment with any competitor without prior written consent, prohibited the use of corporate property, information, or position for personal gain, and prohibited taking unfair advantage of others through manipulation, concealment, or misrepresentation of material facts.

27.    Truesdell also agreed to comply with Counterclaimant's Sales Compliance Certification (the "Sales Certification"), in which he personally certified, among other things, that he would never make any misrepresentations to a client; would not offer or agree to provide any services to any client in exchange for compensation other than those covered by a Counterclaimant Order Form; would not sell or refer to another provider any service offered by Counterclaimant; would not personally profit from any interaction with a client; would not conduct personal business with a Counterclaimant client or vendor outside of the standard company sales process; and would not have any involvement in any business other than Gannett without full disclosure to the Human Resources department.

28.    Truesdell further agreed to comply with Counterclaimant's Acceptable Use and IT Monitoring Policy (the "IT Policy"), which limited use of company systems to business-related purposes not detrimental to the Company, prohibited using company

33

DEFENDANT'S ANSWER AND COUNTERCLAIM

systems for personal gain, and prohibited using personal email accounts for sending company business communications.

29.    At all times during his employment Truesdell owed Counterclaimant a common-law duty of loyalty under California law. That duty required Truesdell to act in Counterclaimant's best interests, to refrain from competing with Counterclaimant during his employment, to refrain from diverting or attempting to divert Counterclaimant's business opportunities, clients, or revenue for his own benefit or for the benefit of any competing enterprise, and to deal honestly with his employer in connection with the management of client accounts entrusted to him. Counterclaimant's employment policies described above reflect and reinforce the scope of that duty.

**Truesdell Incorporates TrueLocal**

30.    On or about March 27, 2025, more than five months before his voluntary resignation from Counterclaimant, Truesdell formed TrueLocal Media LLC as a California limited liability company. Attached as Exhibit A is a copy of the Articles of Organization, which are signed by Truesdell.

**Truesdell Wrongfully Diverts Clients[1] to TrueLocal**

31.    After forming TrueLocal, and while still employed by Counterclaimant, Truesdell began a systematic campaign to secretly divert Counterclaimant's clients and business to his new competing company.

32.    In or around July 2025, Truesdell falsely reported to Counterclaimant that a long-standing client ("Client A") had canceled its advertising account due to "budget cuts." Counterclaimant believed Truesdell's report and removed the Client A account from its active systems.

33.    Truesdell's report was false and Client A had not canceled.

---

[1] To protect the privacy and business relationships of the clients affected by Counter-Defendants' misconduct, Counterclaimant refers to certain clients by pseudonym in this Counterclaim.

34

34. On information and belief, Truesdell fabricated the cancellation so that he could secretly continue servicing the client and collecting payments directly for his own benefit and for the benefit of TrueLocal, while ensuring that Counterclaimant would not investigate the true reason for the account's disappearance from its systems.

35. On information and belief, Truesdell continued servicing and billing Client A from approximately July 2025 through January 2026, at which point Truesdell stopped responding to the client's emails and calls, effectively abandoning the account.

36. On August 13, 2025, Truesdell used his Counterclaimant corporate email account to send a mass email to dozens of Counterclaimant's clients asking them to use his TrueLocal email address starting September 1, the day before his resignation from Counterclaimant:

| | |
|---|---|
| **From:** | Truesdell, Nathan[NTruesdell@localiq.com] |
| **Sent:** | Wed 8/13/2025 4:57:25 PM (UTC) |
| **To:** | Truesdell, Nathan[NTruesdell@localiq.com]; Nathan Truesdell[ntruesdell@truelocalmedia.com] |
| **Subject:** | Upcoming Email Host Conversion – Please Update |

Hello Everyone,

My team is in the process of transitioning to a new email host. Some of you may already be using my updated email address. If you have not yet updated your records, please do so as this update will take place September 1, 2025.
My work cell number will remain the same.
**New Email:** ntruesdell@truelocalmedia.com
Thank you for making this update, and please reach out if you have any questions.

Best regards,

**Nathan Truesdell**
Strategic Partnerships, West Region
Board President, Desert Ad Fed



ntruesdell@localiq.com
Mobile: 872.230.8273 | Office: 760.880.5871
Seize your potential at LOCALiQ.com

37. Truesdell's statements in his August 13 email were deceptive and misleading. There was no team email transition. Truesdell was leaving Counterclaimant to run his own competing company, and he needed Counterclaimant's clients to have his new contact information before that happened.

38. On information and belief, Truesdell's purpose in making these misleading statements was to cut off Counterclaimant's direct lines of communication with its clients

DEFENDANT'S ANSWER AND COUNTERCLAIM

and redirect those clients to TrueLocal.

39. Multiple Counterclaimant clients responded to Truesdell's August 13 email, confirming receipt and updating their contact records to reflect Truesdell's TrueLocal email address. None of these clients indicated any awareness that Truesdell was leaving Counterclaimant or that the email transition was anything other than a routine company change. The responses confirmed that Truesdell's deceptive framing had its intended effect.

40. On August 17, 2025, Truesdell used his Counterclaimant corporate email account to direct a client to use his TrueLocal email address and delete the

| From: | Truesdell, Nathan[NTruesdell@localiq.com] |
| Sent: | Sun 8/17/2025 8:22:10 PM (UTC) |
| To: | ███████████████████ |
| Subject: | Re: Upcoming Email Host Conversion – Please Update |

Hi ████,

Thanks for reaching out to ████ for me. I'll email him again right now. Excited to create social media videos with his content.

FYI I am discontinuing use of this localiq email and converting to my truelocalmedia email September1st. Please go ahead and delete this one to avoid any confusion moving forward.

Have a great weekend!

Nathan Truesdell

Counterclaimant email address:

41. On information and belief, Truesdell's August 17 email was designed to sever the client's connection to Counterclaimant entirely and redirect the relationship exclusively to Truesdell's competing business.

**Truesdell Voluntarily Resigns and Escalates His Scheme**

42. On September 2, 2025, Truesdell voluntarily resigned from Counterclaimant. Counterclaimant continued to pay Truesdell through September 30, 2025.

43. On September 2, 2025, the last day of his employment with Counterclaimant, Truesdell sent an additional email to Counterclaimant clients from his TrueLocal email address to his Counterclaimant email address with the subject line

DEFENDANT'S ANSWER AND COUNTERCLAIM

"Upcoming Email Host Conversion - Please Update." In this email, Truesdell stated that the "update will take place September 5, 2025," extending the previously announced September 1 deadline.

44. Following his resignation, Truesdell escalated his scheme. Upon information and belief, Truesdell (on behalf of TrueLocal) made false and misleading statements to multiple Counterclaimant clients representing that Counterclaimant had purportedly rebranded to TrueLocal, or words to that effect.

45. These statements were knowingly and intentionally false. Counterclaimant did not rebrand. TrueLocal is a separate, competing entity with no affiliation Counterclaimant.

46. By making these false representations, Truesdell and TrueLocal induced Counterclaimant's clients to transition their accounts from Counterclaimant to TrueLocal under the false belief that they were continuing to do business with the same company.

47. At least one client has reported to Counterclaimant that it had no idea that the purported rebrand was false, and that it believed in good faith that TrueLocal was simply Counterclaimant under a new name and continued paying Truesdell directly on that basis.

48. Following his resignation, Truesdell continued to service Client A and collect payments directly, while representing himself as still associated with Counterclaimant.

49. In or about April 2026, a Counterclaimant account representative who had inherited Truesdell's former accounts attempted to re-establish contact with Client A. The client initially refused to engage with Counterclaimant due to dissatisfaction with what it believed had been its prior experience with Counterclaimant.

50. In or about May 2026, Client A agreed to discuss the matter and reported to Counterclaimant that Truesdell had represented himself as still associated with Counterclaimant throughout the period from approximately July 2025 through January

2026, and that it had been paying invoices directly to Truesdell under that false impression.

51. Following Truesdell's resignation, a separate client account ("Client B") remained active within Counterclaimant's system. Counterclaimant continued to bill and service the account, and the Counterclaimant account representative who inherited Truesdell's accounts continued providing campaign reporting.

52. Upon information and belief, after his resignation, Truesdell created a separate duplicate or "mirror" advertising campaign for Client B outside of Counterclaimant's systems and began billing the client directly for those services through TrueLocal.

53. In or about May 2026, an affiliate partner who works with Client B informed Counterclaimant that Truesdell had represented himself to Client B as still working for Counterclaimant. The affiliate partner confirmed that Truesdell acted independently and without any authorization from Counterclaimant.

54. Upon learning the truth, Client B demanded that Truesdell produce either: (a) a valid contract authorizing his services; (b) proof that Counterclaimant had rebranded to TrueLocal; or (c) reimbursement of the funds it had paid to Truesdell. Truesdell could produce neither a valid contract nor proof of any rebrand, because neither existed.

55. In a further act of deception, Truesdell subsequently contacted the Counterclaimant account representative and asked whether Counterclaimant was still servicing Client B. Truesdell claimed he had previously submitted a cancellation request for the account. The account representative confirmed that no cancellation had been submitted by Truesdell prior to his resignation, and that deletion of such a request from Counterclaimant's systems, as Truesdell suggested, would not have been possible.

56. Upon information and belief, the misconduct described above does not reflect the full scope of Counter-Defendants' scheme.

57. Counterclaimant has identified the loss of approximately $100,000 in annual client revenue around the time of Truesdell's resignation.

38

58.     Additional long-term advertisers who unexpectedly ceased or reduced doing business with Counterclaimant during this period may be continuing to work with Truesdell and TrueLocal under the false belief that TrueLocal is affiliated with or a successor to Counterclaimant.

**FIRST CLAIM FOR RELIEF FOR**
**BREACH OF FIDUCIARY DUTY / DUTY OF LOYALTY**
**(Against Counter-Defendant Nathan Truesdell)**

59.     Counterclaimant hereby incorporates by reference and realleges each of the allegations above as though fully set forth in their entirety in this claim for relief.

60.     Counterclaimant employed Truesdell in a position of trust and confidence. While so employed, Truesdell owed Counterclaimant an undivided duty of loyalty under California law, including a duty to act solely for the benefit of Counterclaimant and not contrary to Counterclaimant's interests with respect to all matters connected with his employment.

61.     Labor Code section 2863 expressly provides that an employee who has any business to transact on his own account, similar to that entrusted to him by his employer, shall always give the preference to the business of the employer. Truesdell violated this statutory duty, and his common-law duty of loyalty, by transacting digital advertising and marketing business on behalf of TrueLocal, which was substantially similar to the business entrusted to him by Counterclaimant, while still employed by Counterclaimant, and by giving preference to TrueLocal's business over Counterclaimant's business.

62.     This duty was reinforced by the Employment Policies Truesdell acknowledged and agreed to at the outset of his employment, including the Code's prohibition on conflicts of interest and simultaneous employment with a competitor, and the Sales Certification's express prohibitions on personal profit from client interactions, referrals to competing providers, and involvement in outside businesses without disclosure.

63.     While so employed in this position of trust and confidence, Truesdell breached his duty to Counterclaimant as described above by, among other things,

39

DEFENDANT'S ANSWER AND COUNTERCLAIM

diverting Counterclaimant's clients to TrueLocal through deceptive and misleading communications while still employed by Counterclaimant, fabricating a client cancellation to secretly redirect an active account to TrueLocal, and falsely representing to Counterclaimant's clients that Counterclaimant had purportedly rebranded to TrueLocal. These actions were taken for Truesdell's personal benefit, for the benefit of TrueLocal, and to the detriment of Counterclaimant.

64.    As a proximate result of Truesdell's breach of his duty of loyalty, Counterclaimant has suffered actual and/or consequential damages in an amount to be proven at the time of trial, but in excess of the minimum jurisdictional amount of this Court.

65.    In committing the breach of duty as described above, Truesdell was guilty of malice and/or oppression with the deliberate intent to injure Counterclaimant's business, and Truesdell acted with conscious disregard for Counterclaimant's rights and his own duty to Counterclaimant, thereby warranting an award of punitive damages in an amount appropriate to punish Truesdell and deter others from engaging in similar misconduct.

## SECOND CLAIM FOR RELIEF FOR
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY / DUTY OF LOYALTY
## (Against Counter-Defendant TrueLocal)

66.    Counterclaimant hereby incorporates by reference and realleges each of the allegations above as though fully set forth in their entirety in this claim for relief.

67.    On information and belief, TrueLocal knew that Truesdell owed an undivided duty of loyalty to Counterclaimant. Upon information and belief, Truesdell is the owner, principal, and sole managing member of TrueLocal and, thus, TrueLocal's knowledge is imputed directly from Truesdell himself.

68.    On information and belief, TrueLocal knew that Truesdell breached that duty by, among other things, diverting Counterclaimant's clients to TrueLocal through deceptive and misleading communications while still employed by Counterclaimant, fabricating a client cancellation to secretly redirect an active account to TrueLocal, and

DEFENDANT'S ANSWER AND COUNTERCLAIM

falsely representing to Counterclaimant's clients that Counterclaimant had purportedly rebranded to TrueLocal.

69.    On information and belief, TrueLocal provided substantial assistance or encouragement to Truesdell to breach his duty. That assistance included, but was not limited to: (a) providing Truesdell with a TrueLocal email account, which Truesdell used to redirect Counterclaimant's client communications while still employed by Counterclaimant; (b) serving as the entity through which Truesdell invoiced and collected payments from diverted Counterclaimant clients; (c) serving as the purported rebranded successor to Counterclaimant in Counter-Defendants' false representations to Counterclaimant's clients; and (d) operating the unauthorized duplicate advertising campaigns that mirrored Counterclaimant's active client campaigns.

70.    As a proximate result of TrueLocal's conduct, Counterclaimant has suffered actual and/or consequential damages in an amount to be proven at the time of trial, but in excess of the minimum jurisdictional amount of this Court.

71.    On information and belief, TrueLocal's conduct was willful, intentional, and undertaken with full knowledge that it would cause injury to Counterclaimant. TrueLocal was formed and operated as the vehicle for Truesdell's scheme to divert Counterclaimant's clients through fraud and deception. TrueLocal's participation in this scheme was a deliberate course of conduct designed to enrich Counter-Defendants at Counterclaimant's expense. This conduct constitutes malice, oppression, and fraud within the meaning of California Civil Code section 3294, thereby entitling Counterclaimant to punitive and exemplary damages in an amount sufficient to punish and deter TrueLocal.

### THIRD CLAIM FOR RELIEF FOR
### FRAUD (INTENTIONAL MISREPRESENTATION AND FRAUDULENT CONCEALMENT)
### (Against Counter-Defendant Truesdell)

72.    Counterclaimant hereby incorporates by reference and realleges each of the allegations above as though fully set forth in their entirety in this claim for relief.

73.    Counter-Defendants made multiple material misrepresentations of fact to Counterclaimant and its clients, including but not limited to: falsely representing to Counterclaimant's clients that his "team's email was changing" and that the transition to his TrueLocal email address was an authorized corporate email migration sanctioned by Counterclaimant; falsely reporting to Counterclaimant that a client had canceled its advertising account due to budget cuts, when in fact no cancellation had occurred; upon information and belief, falsely representing to multiple Counterclaimant clients after Truesdell's resignation that Counterclaimant had purportedly rebranded to TrueLocal; and upon information and belief, falsely representing to a client that Truesdell was still working for Counterclaimant and issuing unauthorized invoices for duplicate advertising services through TrueLocal.

74.    Each of these representations was false. Counter-Defendants knew each representation was false at the time it was made, or made each representation recklessly and without reasonable grounds for believing it to be true.

75.    Counter-Defendants made these misrepresentations with the intent to induce Counterclaimant and its clients to rely on them, for the purpose of diverting Counterclaimant's clients, business relationships, and revenue to TrueLocal.

76.    Counterclaimant and its clients justifiably relied on Counter-Defendants' misrepresentations. Counterclaimant relied on Truesdell's false report of a client's cancellation and removed the account from its active systems. Counterclaimant's clients relied on Truesdell's deceptive email communications and updated their contact records to reflect his TrueLocal email address. At least one client relied on the false rebrand representation and continued paying Counter-Defendants directly in the good faith belief that it was still doing business with Counterclaimant.

77.    In addition to, and in the alternative to, the affirmative misrepresentations set forth above, Truesdell also engaged in fraud by concealment. During his employment with Counterclaimant, Truesdell had a duty to disclose material facts to Counterclaimant and its clients arising from his fiduciary relationship with Counterclaimant as an

42

DEFENDANT'S ANSWER AND COUNTERCLAIM

employee entrusted with managing client relationships; his exclusive knowledge of material facts not known or accessible to Counterclaimant or its clients; and the misleading partial representations he made in the email communications described above, which created a false impression that could only be corrected by full disclosure.

78.    Truesdell breached this duty by intentionally concealing and suppressing the following material facts, among others: that TrueLocal was a separate competing entity owned and operated by Truesdell personally, and was not a division, subsidiary, successor, or affiliate of Counterclaimant; that Truesdell intended to resign from Counterclaimant and operate TrueLocal as a competing business; that the purported "email host conversion" was not an authorized Counterclaimant corporate transition but was Truesdell's personal scheme to redirect Counterclaimant's client communications to his competing entity; and that Truesdell was actively soliciting and diverting Counterclaimant's clients for his own benefit and for the benefit of TrueLocal while still employed by and collecting compensation from Counterclaimant.

79.    Truesdell took active steps to ensure these facts remained concealed, including upon information and belief, sending the deceptive mass emails via blind carbon copy (bcc) to prevent Counterclaimant from discovering the scope of the client solicitation; using his Counterclaimant corporate credentials, title, and branding to disguise the true nature of the transition; and instructing at least one client to delete his Counterclaimant email address "to avoid any confusion moving forward," thereby actively destroying the communication link between Counterclaimant and its own client.

80.    Counterclaimant and its clients were unaware of the concealed facts and would not have acted as they did had those facts been disclosed. Counterclaimant would not have permitted Truesdell to continue managing client relationships and would have taken immediate steps to protect its clients and business. Counterclaimant's clients would not have updated their contact records or redirected their business communications and payments to TrueLocal.

DEFENDANT'S ANSWER AND COUNTERCLAIM

81.     As a direct and proximate result of Counter-Defendants' fraudulent conduct, including both their affirmative misrepresentations and Truesdell's fraudulent concealment, Counterclaimant has suffered damages including lost client revenue, lost client relationships, damage to its business reputation and goodwill, and costs incurred in investigating and mitigating Counter-Defendants' scheme, in an amount to be proven at trial.

82.     Counter-Defendants' fraudulent conduct was willful, deliberate, and calculated, involving a sustained scheme of misrepresentation and concealment over a period of months directed at both Counterclaimant and its clients. This conduct constitutes malice, oppression, and fraud within the meaning of California Civil Code section 3294, thereby entitling Counterclaimant to punitive and exemplary damages in an amount sufficient to punish Counter-Defendants and deter others from engaging in similar misconduct.

## FOURTH CLAIM FOR RELIEF FOR
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (Against All Counter-Defendants)

83.     Counterclaimant hereby incorporates by reference and realleges each of the allegations above as though fully set forth in their entirety in this claim for relief.

84.     Counterclaimant had ongoing, valuable economic relationships with numerous clients and business contacts who were directly serviced by Truesdell during his employment with Counterclaimant. These relationships included active advertising and marketing service agreements, as well as prospective and recurring business from long-standing clients who had historically renewed and expanded their engagements with Counterclaimant on a regular basis. Counterclaimant had a reasonable expectation that these relationships would continue into the future, generating a steady and growing stream of revenue.

85.     Counter-Defendant Truesdell had direct, personal knowledge of the identity, contact information, contract terms, billing arrangements, and business needs of each of

44

these clients and business contacts as a result of his employment with Counterclaimant, during which he was personally responsible for managing and servicing these accounts. TrueLocal, through Truesdell, shared that same knowledge.

86.   Counter-Defendants intentionally and willfully interfered with Counterclaimant's prospective economic relationships through a deliberate course of deceptive and fraudulent conduct, including sending mass emails to Counterclaimant's clients while still employed by Counterclaimant, falsely representing that his "team's email was changing," and redirecting client communications to his personal TrueLocal email address; instructing clients to delete his Counterclaimant email address in order to sever Counterclaimant's direct lines of communication with its own clients; fabricating a client cancellation by falsely reporting to Counterclaimant that an active client had terminated its account, while secretly continuing to service and bill that client directly; and falsely representing to multiple Counterclaimant clients after his resignation that Counterclaimant had purportedly rebranded to TrueLocal, inducing those clients to direct their business and payments to Counter-Defendants rather than Counterclaimant. As a result of Counter-Defendants' conduct, Counterclaimant's economic relationships with those clients were disrupted.

87.   Counter-Defendants' conduct was independently wrongful and tortious, apart from the interference itself. The independently wrongful acts include, but are not limited to: Truesdell's breach of his fiduciary duty and duty of loyalty to Counterclaimant; Counter-Defendants' intentional fraud and misrepresentation, including the false rebrand representations and the fabricated client cancellation; Counter-Defendants' violation of California Business and Professions Code section 17200; and Counter-Defendants' conversion of client payments that rightfully belonged to Counterclaimant.

88.   Counter-Defendants' interference was not privileged. Counter-Defendants had no lawful right, justification, or privilege to divert Counterclaimant's clients through fraud and deception. The use of independently wrongful means, including fraud, breach

45

of fiduciary duty, and misrepresentation, removes any privilege that might otherwise apply to competitive conduct.

89.    As a direct and proximate result of Counter-Defendants' wrongful conduct, Counterclaimant has been harmed in an amount to be proven at trial, including the loss of client revenue, the loss of ongoing and prospective client relationships, and the loss of goodwill associated with those relationships.

90.    In engaging in the wrongful conduct described above, Counter-Defendants acted fraudulently, oppressively, maliciously and with a willful disregard of Counterclaimant's rights. Accordingly, Counterclaimant is entitled to exemplary and punitive damages pursuant to California Civil Code section 3294.

## FIFTH CLAIM FOR RELIEF FOR CONVERSION
### (Against All Counter-Defendants)

91.    Counterclaimant hereby incorporates by reference and realleges each of the allegations above as though fully set forth in their entirety in this claim for relief.

92.    Counterclaimant had a right to possess and receive payments from its clients for digital advertising and marketing services that Counterclaimant provided or was entitled to provide. These payments constituted Counterclaimant's property.

93.    Counter-Defendants wrongfully exercised dominion and control over funds belonging to Counterclaimant by collecting payments directly from Counterclaimant's clients under false pretenses, including payments collected from diverted clients after Truesdell fabricated client cancellations, ran unauthorized duplicate advertising campaigns, and falsely represented to Counterclaimant's clients that Counterclaimant had purportedly rebranded to TrueLocal.

94.    Counter-Defendants' exercise of dominion and control over these funds was wrongful and without Counterclaimant's knowledge, consent, or authorization. Truesdell was not authorized to collect payments on his own behalf or on behalf of TrueLocal from Counterclaimant's clients, and Counterclaimant never authorized, approved, or ratified any such collections.

46

95. TrueLocal received, retained, and benefited from the wrongfully collected funds. Upon information and belief, payments collected from Counterclaimant's diverted clients were deposited into accounts owned or controlled by TrueLocal and used to fund TrueLocal's competing operations.

96. As a direct and proximate result of Counter-Defendants' conversion of Counterclaimant's property, Counterclaimant has suffered damages in an amount to be proven at trial, representing the full value of all payments wrongfully collected by Counter-Defendants from Counterclaimant's clients.

97. Counter-Defendants' conversion of Counterclaimant's property was willful, intentional, and undertaken with full knowledge that the funds belonged to Counterclaimant. Counter-Defendants obtained these funds through a deliberate scheme of fraud and deception directed at Counterclaimant's clients. This conduct constitutes malice, oppression, and fraud within the meaning of California Civil Code section 3294, thereby entitling Counterclaimant to punitive and exemplary damages in an amount sufficient to punish Counter-Defendants and deter others from engaging in similar misconduct.

## SIXTH CLAIM FOR RELIEF FOR VIOLATION OF UNFAIR COMPETITION LAWS (CAL. BUS. & PROF. CODE SECTION 17200 *ET SEQ.*) (Against All Counter-Defendants)

98. Counterclaimant hereby incorporates by reference and realleges each of the allegations above as though fully set forth in their entirety in this claim for relief.

99. Counterclaimant is informed and believes and thereon alleges that Counter-Defendants' conduct as alleged herein constitutes "unlawful," "unfair" and/or "fraudulent" business practices in violation of the unfair competition provisions of California Business & Professions Code §§ 17200, *et seq*.

100. Counterclaimant has been harmed and has lost money and property as a result of Counter-Defendants' conduct and requests an order of restitution against Counter-Defendants.

47

DEFENDANT'S ANSWER AND COUNTERCLAIM

101. Counter-Defendants' conduct described herein constitutes an unfair, unlawful, and fraudulent business practice that should be restrained. As such, Counterclaimant seeks an order from the Court enjoining Counter-Defendants, and all persons and entities acting in concert or participation with them, from: (a) representing, directly or indirectly, that TrueLocal Media LLC is affiliated with, a successor to, or a rebrand of Counterclaimant or its parent or affiliated companies, or that Truesdell is employed by or authorized to act on behalf of Counterclaimant; and (b) soliciting or servicing any current or former Counterclaimant client through any misrepresentation regarding Counter-Defendants' relationship with Counterclaimant.

## **PRAYER FOR RELIEF**

WHEREFORE, for the wrongful acts of Counter-Defendants complained of in the foregoing causes of action, Counterclaimant respectfully requests the following relief:

A. Judgment in its favor and against Counter-Defendants;

B. An award of compensatory, consequential, economic, general, and special damages, as alleged above, in an amount and nature to be proven after the discovery of all relevant evidence and trial

C. Preliminary and permanent injunctive relief, including but not limited to orders enjoining Counter-Defendants, and all persons and entities acting in concert or participation with them, from:

  i. representing, directly or indirectly, that TrueLocal Media LLC is affiliated with, a successor to, or a rebrand of Counterclaimant or its parent or affiliated companies, or that Counter-Defendant Truesdell is employed by or authorized to act on behalf of Counterclaimant; and

  ii. soliciting or servicing any current or former Counterclaimant client through any misrepresentation regarding Counter-Defendants' relationship with Counterclaimant.

D. An order directing Counter-Defendants to disgorge all gross revenues and profits that they or anyone acting in concert or participation with them received as a

DEFENDANT'S ANSWER AND COUNTERCLAIM

result of their wrongful conduct, in an amount to be determined at trial;

E.    An award of punitive damages in an amount to be determined at trial;

F.    Compensation to Counterclaimant for any unjust enrichment enjoyed by Counter-Defendants, including restitution of all revenues, gains, profits, and advantages obtained by Counter-Defendants as a result of their wrongful and unlawful conduct, in an amount to be determined at a hearing and/or trial;

G.    An award of pre-judgment and post-judgment interest as permitted by law;

H.    An order imposing a constructive trust; and

Any such other legal and equitable relief as the Court deems appropriate.

DATED: June 22, 2026                          SEYFARTH SHAW LLP


                                       By:  */s/ Christopher A. Crosman*
                                            Richard B. Lapp
                                            Christopher A. Crosman
                                            D. Joshua Salinas
                                            James Sobolov
                                       Attorneys for Defendant and
                                       Counterclaimant GANNETT SATELLITE
                                       INFORMATION NETWORK, LLC
                                       (erroneously sued as GANNETT CO., INC.)

49

DEFENDANT'S ANSWER AND COUNTERCLAIM

## **JURY DEMAND**

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Gannett Satellite Information Network, LLC (erroneously sued as Gannett Co., Inc.) asserts its rights and demands a trial by jury on all issues triable by a jury.

DATED: June 22, 2026                                    SEYFARTH SHAW LLP


By:  */s/ Christopher A. Crosman*
      Richard B. Lapp
      Christopher A. Crosman
      D. Joshua Salinas
      James Sobolov
Attorneys for Defendant and
Counterclaimant GANNETT SATELLITE
INFORMATION NETWORK, LLC
(erroneously sued as GANNETT CO., INC.)

50
DEFENDANT'S ANSWER AND COUNTERCLAIM

# Exhibit "A"

Exhibit "A"    Exhibit "A"    Exhibit "A"    Exhibit "A"    Exhibit "A"



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**ARTICLES OF ORGANIZATION**
**CA LIMITED LIABILITY COMPANY**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

B20250049221

For Office Use Only

**-FILED-**

File No.: B20250049221

Date Filed: 3/27/2025

B3558-9779 03/27/2025 5:29 PM Received by California Secretary of State

| Limited Liability Company Name | |
|---|---|
| Limited Liability Company Name | TrueLocal Media LLC |

| Initial Street Address of Principal Office of LLC | |
|---|---|
| Principal Address | 42440 BOB HOPE DR, STE 1 RANCHO MIRAGE, CA 92270 |

| Initial Mailing Address of LLC | |
|---|---|
| Mailing Address | 42440 BOB HOPE DR, STE 1 RANCHO MIRAGE, CA 92270 |
| Attention | |

| Agent for Service of Process | |
|---|---|
| Agent Name | Haley West |
| Agent Address | 42440 BOB HOPE DR, SUITE 1 RANCHO MIRAGE, CA 92270 |

**Purpose Statement**

The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

| Management Structure | |
|---|---|
| The LLC will be managed by | All LLC Member(s) |

Additional information and signatures set forth on attached pages, if any, are incorporated herein by reference and made part of this filing.

**Electronic Signature**

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*Nathan Raymond Truesdell*
Organizer Signature

*03/27/2025*
Date